# Katheryne S. Smith v. Edward O. Smith et al.

1. ADMINISTRATION OF ESTATES—*Proceeds of Sales in Partition.*—A decree of the Circuit Court, ordering the sale of real estate for the purpose of accomplishing a partition among those owning it as tenants in common, does not have the effect of converting the proceeds of such sale into personal assets of the estate of the ancestor.

2. SAME — *Money Arising from Sales in Partition Treated as Real Estate.*—Money in the master's hands, arising from a sale of real estate in partition, is impressed with the character of realty, and retains all the qualities of real estate so far as either administrator or creditor of the ancestor is concerned. It is a subject to be dealt with only as real property.

3. SAME—*Judgment in Favor of an Administrator Appointed Under the Laws of Another State not Competent Here.*—A judgment rendered in California against an administrator appointed under the laws of that State, is not competent evidence to show a right of action against an administrator appointed under the laws of this State to administer upon the assets of the same decedent in this State.

**Proceedings for Partition and Dower.**— Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed January 11, 1896.

W. C. JOHNS, attorney for appellant, contended that the property of Edward O. Smith, wherever situated, is liable for the payment of his debts.

The allowance for the support of his widow is a debt. Statutes of California, Secs. 11464, 11465, 11466, 11467.

. The funds in the hands of various officers of court must be regarded as personalty, converted into such for the purpose of paying debts.   3 Pom. Eq. Jur., Sec. 1159; Beach v. Simmons, 18 S. W. Rep. 933; Foster v. Foster, 1 Ch. Div. 588; Cooke v. Dealey, 22 Beav. 190; Oberly v. Lerch, 18 N. J. Eq. 346; Heydock's Appeal, 7 N. H. 496; Cronise v. Hardt, 47 Md. 433; Davis v. Estey, 8 Pick. 476; 2 Wern., Adm., Secs. 481, 562; Porter v. Heydock, 6 Vt. 374; 2 Kent Com. 433; Steed v. Preece, 18 L. R. (Eq. Cas.) 192; Robinson's Appeal, 62 Pa. St. 213; Emerson v. Cutler, 14 Pick. 118.

The administration in California is principal, and the administration of the funds in Illinois, whether conducted by an administrator or by a court of equity, is ancillary. Young v. Wittenmyre, 123 Ill. 307; Heyer v. Alexander, 108 Ill. 386; Young v. Young, 21 N. Y. St. 1008; S. C., 2 Misc. Rep. 381; Mackey v. Cox, 18 How. (U. S.), 105; 3 Redf. Wills, *26 et seq.; Churchill v. Boyden, 17 Vt. 319; 3 Williams Ex'rs, 1664.

Personalty is governed in distribution by the law of the domicile. Parsons v. Leyman, 20 N. Y. 112; Despard v. Churchill, 53 N. Y. 197; Young v. Wittenmyre, 123 Ill. 307; Stevens v. Gaylord, 11 Mass. 256; Fay v. Haven, 44 Mass. 114; Dawes v. Boylston, 9 Mass. 337; Jenison v. Hapgood, 27 Mass. 79; Wheelock v. Pierce, 6 Cush. 288; Richards v. Dutch, 8 Mass. 514; Heydock's Appeal, 7 N. H. 496.

After domestic creditors are paid, property should be remitted to the place of principal administration. Young v. Wittenmyre, 123 Ill. 307; Stevens v. Gaylord, 11 Mass. 256; Mackey v. Cox, 18 How. (U. S.) 107; 3 Redf. Wills, *26 et seq.; Churchill v. Boyden, 17 Vt. 319; Fay v. Haven, 3 Metc. 109; Wheelock v. Pierce, Cush. 288; Richards v. Dutch, 8 Mass. 514; 3 Williams' Exrs. 1664; Walker v. Welker, 25 Ill. App. 123; McDonald v. McDonald, Adm'r, 28 S. W. 482; Mays v. Equitable, etc., Ass'n, 15 So. R. 791; Cass v. U. S. Trust Co., 30 N. E. Rep. 125; Despard v. Churchill, 53 N. Y. 197.

A question determined by the courts of a sister State, so far as to become res judicata between the parties, can not be reopened by the same parties in another State. Dawes v. Head, 3 Pick. 128, 147; 1 Wern., Adm., Secs. 158, 167, et seq.

CREA, EWING & WALKER, also attorneys for appellant.

BUNN & PARK and OUTTEN & PAGE, attorneys for appellees.

The attempt to have the allowance made to appellant as

widow, under the laws of California, paid out of the proceeds of the sale of lands in Illinois, is an attempt to distribute the real estate in Illinois according to the laws of the State of California, which can not be done.

An award is only allowed to one who is a resident of this State. Vol. 1 Starr & Curtis' Stat., page 223; Veille, Adm'r, v. Kock, Guar., 27 Ill. 129–132.

Even an award made to a widow in this State may be contested. Marshall v. Rose, 86 Ill. 374.

The property was not converted into personalty for the payment of debts, but for division among the owners, and the conversion was not made as estate property but as the property of the heirs.

These funds arise from the real estate in the State of Illinois of which E. O. Smith died seized. Such real estate descended to the heirs *eo instanti* of the death of their father. Any change from real estate has been since made by them through the aid of the court, and as of their own property and not the property of the estate. By the reduction of their land to money in this way it no more becomes the personal property of the estate than would the sale by any one of them of the lands set off to him on partition render the proceeds of such sale the personal property of said estate. In re Chapin, 148 Mass. 591; Simonds v. Simonds, 112 Mass. 157; 3 Pom. Eq. Jur., Sec. 1167; Howard v. Peavy, 128 Ill. 430; Holland v. Cruft, 3 Gray 162; Emerson v. Cutter, 14 Pick. 118; 3 Wash. R. E. p. 6; Smith v. McConnell, 17 Ill. 135; Horner's Prob. Law, Sec. 172, p. 200; Story's Conflict of Laws, Sec. 428, 430, 431, 435, 483, 551 and 555; 1 Red. on Wills, (4th Ed.) 398.

It does not make much difference whether the administration here is termed ancillary, principal or independent, because we think the law is well settled that each administration is so far independent that each State controls the assets within its territory according to the peculiar circumstances of each case, especially if it is real estate or the proceeds of real estate.

Not being personal estate it should not be distributed

according to the laws of California, but according to the laws of Illinois. Real estate is governed by the *lex rei sitæ*. See Story's Equity, Vol. 1, Sec. 586; McGarvey v. Darnell, 134 Ill. 373; Judy v. Kelly, 11 Ill. 214; Rosenthal v. Renick, 44 Ill. 202; Stacey v. Thrasher, 6 How. 44; Hill v. Tucker, 13 How. 46; McLean v. Meek, 18 How. 16; Freeman on Judgments, Secs. 163, 572.

The doctrine is well settled, that the administration in one country or State only affects the assets within its limits. Freeman on Judgments, Secs. 13, 18.

This applies even to a judgment although personal estate, which is directed to be applied in a certain way by the law of the State where recovered. McDonald v. McDonald, 28 S. W. Rep. 482.

The condition of the property at the time of its descent determines its status, the rights of the heirs being considered as arising at the death of the ancestor. 2 Washburn on Real Property, 408, Sec. 32, star p. 413.

The surplus or excess under administrator's sale goes to heirs, devisees, owners, etc. 1 Starr & Curtis' Stat., 237.

The grant of $3,850 made by the Superior Court of Santa Clara County, California, to appellant as widow of E. O. Smith, is only effective as to property in that jurisdiction. It is not only not *res judicata* in this State, but it is not even sufficient to establish the *prima facie* right of the claimant in a court of this State without further proof. McGarvey v. Darnell, 134 Ill. 367; Story on Conflict of Laws, Sec. 522; Freeman on Judgments, Secs. 163, 572; Jones & Cunningham's Probate Practice, Sec. 5, p. 206; Stacey v. Thrasher, 6 How. (U. S.) 44; Judy v. Kelley, 11 Ill. 211; Rosenthal v. Renick, 44 Ill. 202; McLean v. Meek, 18 How. (U. S.) 16.

OPINION PER CURIAM.

Edwin O. Smith, a resident of California, died in that State intestate.

Katheryne S. Smith, the appellant, his widow, was granted

letters of administration on his estate in California and obtained an order or judgment in the Superior Court of Santa Clara County, California, that she "be allowed out of the estate of the deceased as and for a 'family allowance' $250 per month for a certain period and $200 per month for another period (making a total sum of $3,850), 'to be paid out of the estate of said decedent in preference to all other claims except funeral expenses and costs of administration.'"

Claims in favor of other creditors were allowed in the courts of California.

The decedent owned property, both real and personal, in Illinois, where administration upon the estate was also had and all demands there exhibited paid.

The claims allowed in the court in California remained unpaid except so far as discharged by the decree of the Circuit Court in Illinois, in the proceeding from which this appeal was taken. The children and heirs of said deceased, the appellees herein, filed a bill in chancery in the Macon County, Illinois, Circuit Court, for partition of the lands owned by him in Illinois at the time of his death, and for the assignment of dower therein to the appellant, his widow. Decree as prayed was rendered and commissioners were appointed to make partition and assign the dower. They reported a partition and assignment of dower as to all the real estate except that known as the "Opera House property" in Decatur, which they reported not susceptible of partition among the respective owners.

Thereupon in pursuance of the statute in such case provided, in order to accomplish a severance of the interest of the tenants in common in said opera house property, the court decreed it to be sold free of dower, the appellant having assented in writing to receive in lieu of dower, an amount to be fixed by the court out of the proceeds of the sale.

The master in pursuance of the decree sold the property, paid the appellant the amount allowed her for her dower interest therein, and there still remained in his hands arising from the sale $13,073.32. There was also in the hands

of a receiver appointed by the court during the pendency of the partition proceeding $320.13 arising from collections of rents upon the real estate.

The court was asked upon an agreed statement of facts to apply the moneys in the hands of the master and receiver or a sufficient amount thereof to the payment of the claims against the estate of the ancestor as allowed by the court in California, and the payment of a number of claims was ordered to be made by the master, but the court refused to order payment to the appellant of the amount allowed her for "family allowance" hereinbefore mentioned. She excepted to such action of the court and in her individual capacity has prosecuted this appeal to this court.

The only question arising upon the record is whether the court should have ordered payment to be made of the claim in favor of the appellant for family allowance under the statutes of California.

The real estate situate in Illinois of which Edwin O. Smith died seized, upon the instant of his death descended to the appellees, subject to the right of dower resting in appellant.

The rents in the hands of the receiver accrued after the death of the ancestor and during the pendency of the suit, and became absolutely the property of the heirs as against the administrator. Phelps v. Funkhouser, 39 Ill. 401.

The title to the opera house property vested in the appellees in fee, subject to the dower interest of the appellant. The decree of the court ordering it to be sold did not convert the proceeds of the sale into personal assets of the estate. It was not converted into money for the purpose of repaying the debts of the ancestor but for the entirely different purpose of accomplishing a partition of the property among those owning it as tenants in common, a course resorted to only because the property could not be subdivided, and the interest of each owner allotted to him or her in severalty.

The interest of the appellant as widow in the proceeds produced by the sale was that of dower in real property, not

the descendible interest in personalty granted by the statute to a widow. In this view she was awarded such proportion of the proceeds as the court decided to be the value of her dower interest, and she accepted and was paid that ·sum as in lieu of her dower in the property which had been sold.

The money in the master's hands arising from the sale was impressed with the character of realty and retained all the qualities of real estate so far as either administrator or any creditors of the ancestor were concerned. It was as to them subject to be dealt with only as real property.

It is well settled a judgment rendered in California against an administrator appointed under the laws of that State is not competent evidence to show a right of action against an administrator appointed under the laws of this State to administer upon the assets of the same decedent in this State. McGarvey v. Darnell, 134 Ill. 369.

In the case cited it was ruled such a judgment did not establish even *prima facie* the validity of the claim upon which it was founded for the purpose of subjecting real estate in Illinois to its payment. In the case at bar the heirs appeared in the court in California, filed an answer in opposition to appellant's claim, introduced evidence in support of the answer, were fully heard by counsel and became bound by the adjudication as fully as the rules of law would operate to conclude them in such a proceeding. Counsel for appellant insist the heirs having· so appeared as parties in the court in California, the question of the validity of appellant's claim is *res judicata*. This contention seems to be disposed of; at least we feel concluded as to it by an expression of the court in McGarvey v. Darnell, *supra*, wherein, speaking of the effect of a judgment rendered against an administrator in Iowa, it was said :

"Moreover, that in regard⁹ to which the Iowa court had jurisdiction to adjudicate was the property in that State, and that only; and when it assumed to adjudicate that the demand of the claimant was a just charge upon the estate of the deceased, such adjudication had reference solely to property in that State, and was efficacious in respect to that property only."

So it would seem all that was adjudicated by the proceeding in California was as to the validity of appellant's claim as a just charge upon the property of the decedent in that State.

If this view of the question is the correct one the transcript of the proceedings and judgment in the court of that State would avail the appellant nothing in the proceedings in this State to establish the validity of her claim as a charge upon the real estate of the heirs in this State.

Her claim here must be made out by competent proof of all the facts necessary to support it. The allowance provided for by the California statute is a family allowance.

The amount thereof must necessarily be dependent among other things upon the number of persons constituting the family, the age of such persons, the expenses of maintaining them, etc., as to all of which nothing appears in the record.

That the amount of such allowance is so dependent upon some such considerations and possibly upon others which do not now occur to us, is manifested by the fact the California court awarded the appellant the sum of $250 per month for a designated period and the sum of $200 per month for another period, presumably because of a change occurring in the membership of the family or in the age of some of its members, or otherwise in the circumstances or condition of the family.

However that may be, the Circuit Court, in the absence of competent proof to support the claim, properly refused to order the master to pay it.

The decree is affirmed.