CROCKER, *in equity, versus* SMITH.

If an intestate have conveyed land, without any consideration, in trust for his own benefit, the administrator is not entitled to a re-conveyance.

The law gives him not a title to the land of his intestate, but merely a right to sell the same, in a prescribed mode and for certain specified purposes.

THE plaintiff is administrator of Asa Smith's estate. The bill sets forth, *that* the intestate was owner of certain real estate, which he conveyed, without any consideration, to the respondent; *that* it was the agreement of the parties that the respondent should hold the same in trust, for the use of the intestate; and *that* the estate has been represented insolvent. It thereupon prays that a re-conveyance may be decreed.

The respondent appears, and, in writing, admits the truth of the allegations contained in the bill.

BY THE COURT. — The bill cannot be maintained. The administrator has no title to the lands of his intestate. At most, he can have only a right to sell. And he can sell only when the court of probate shall decree the sale to be necessary; and under many guards, (such as an oath of faithfulness, specified notice and bond to account,) for the safety of the heirs, creditors, &c. A conveyance by the respondent to the administrator would enable him to sell without furnishing the protections required by law.

Neither would a conveyance to the heirs, constitute the land to be assets of the estate. The case, too, presents other difficulties, quite insurmountable.

But there is no *necessity* for a decree such as is prayed for. The statute, relating to the sale of lands, of which the intestate was disseized, contains ample provisions for the case presented in the bill.

*Bill dismissed.*