## MACE *versus* WOODWARD.

Where a special appearance is entered for the purpose of presenting a motion to dismiss the action for want of a legal service, unless made within the time allowed for filing pleas in abatement, it cannot prevail.

But if on inspection of the writ, no legal service appears to have been made, the Judge may, *ex officio*, dismiss the action.

ON REPORT from *Nisi Prius*, HATHAWAY, J., presiding.

ACTION ON THE CASE. The *ad damnum* was laid at $3,000.

The writ purported to be served by a constable.

At the return term an attorney entered his appearance for the defendant " specially," and on the third day of the term when the writ was entered, and before the new docket was called, moved that the action be dismissed for want of proper service.

It was stipulated that if the motion should have been allowed, the plaintiff is to become nonsuit; otherwise to stand for trial, as the opinion of the Court shall be as to the legal rights of the parties.

*Wiswell*, for defendant.

*Herbert*, for plaintiff.

TENNEY, J. — A special appearance was entered for the defendant, in order to present the motion to the Court to dismiss the action for want of a legal service.

Pleas in abatement must be filed within two days after the entry of the action, the day of entry being reckoned as one. Rule 17, *Regulæ Generales*, 1 Greenl. 416. Motions in the nature of pleas in abatement should be presented in the same time.

The motion in this case was too late by the rule, and could not avail, if the action could proceed, provided none had been made. But the return on the writ, in which the damage sued for is the sum of $3,000, purports to be signed by a constable, and it does not constitute a service, such as the statute requires. R. S., c. 104, § 34. A judgment in the action would be erroneous. *Hart* v. *Hutchins*, 5 Mass. 260. The Judge had the power, *ex officio*, to dismiss the action. *Lawrence* v. *Smith*, 5 Mass. 362; *Tingley* v. *Bateman*, 10 Mass. 343. An entry should be made that all further proceedings stay.

SHEPLEY, C. J., and HOWARD, APPLETON and HATHAWAY, J. J., concurred.