# COUNTY OF PISCATAQUIS.

ICHABOD W. MITCHELL *versus* UNION LIFE INSURANCE CO.

The entry of a *special* appearance for defendant does not dispense with the observance of the Rule of Court, requiring pleas and motions in abatement to be filed within two days after entry of action.

A policy of insurance, having thereon a printed impression of the seal of the Insurance Company, is not to be regarded as a sealed instrument.

A father has a pecuniary interest in the life of a *minor* child, and an insurance of the life of such child is not within the rule of law, by which wager policies are declared void.

ASSUMPSIT on a policy of insurance, effected by plaintiff, for his own benefit, on the life of his minor son. The case is presented on Report of APPLETON, J. At the first term, the defendants' counsel entered his appearance " specially ;" and, on the third day of the term, filed a motion to dismiss the action for want of proper service. By the officer's return, it appears that service had been made on a person, who is stated, in his return, to be an agent of said company. Evidence was offered, tending to show that the person, on whom the service was made, was not a general agent of defendants, but only an agent to receive applications for insurance, and other like services, in a certain locality.

The policy had upon it a printed impression of the seal of the company; and defendants contended that, the contract being under seal, *assumpsit* could not be maintained.

It also appears by the Report, " that defendants objected to plaintiff's recovering, on the ground that the policy is a wager policy ;" whereupon, the plaintiff offered evidence, tending to show that he had furnished his son supplies and money.

*Everett,* for plaintiff.

*Godfrey,* for defendants.

The case was argued at July term, 1856, and the opinion of the Court was afterwards drawn up by

APPLETON, J. — By the sixth Rule of this Court, 37 Maine, 569, pleas or motions in abatement must be filed within two days after the entry of the action. The motion to dismiss was not filed till the third day, and was not in season. The entry of a special appearance does not dispense with the Rules of Court or with obedience thereto.

The impression of a seal is not a seal. The contract of insurance is not, therefore, a sealed instrument. The action is rightly brought.

Wager policies, in England, are prohibited by statute. In this country, they have been regarded as against good policy, and, by repeated decisions, have been declared void.

The general principles applicable to life insurance seem to be well settled. The party insuring, when the insurance is effected for his own benefit, must have an interest in the life to be insured. As his future earnings or gains may be indefinitely large, he may insure his own life to an unlimited amount. So he may insure that of his debtor, to the extent of his indebtedness. But a father, as such, has no insurable interest, resulting merely from that relation, in the life of a child of full age. He may, however, insure on the life of a child for the benefit of a child. Angel on Fire and Life Insurance, § 298; Bunyon on Life Assurance, 14.

But the insurance, in the present case, was effected by a father upon the life of a minor son, who was about proceeding to California, and to whom he had made large advances. In *Lord* v. *Dall*, 12 Mass. 115, it was held that a single woman, dependent upon her brother for her support, had sufficient interest in his life to entitle her to insure it. The father is entitled to the earnings of his minor child, and may maintain an action for their recovery. If the child be injured, he is entitled to an action *per quod servitium amisit*. He has a pecuniary interest in the life of a minor child, which the law will protect and enforce. An insurance, therefore, of the life of such child

is not within the rule of law, by which wager policies are declared void.                                      *Defendants defaulted.*

TENNEY, C. J., HATHAWAY, MAY, and GOODENOW, J. J., concurred.