Mansur v. Coffin.

---

RUFUS MANSUR *versus* RUFUS S. COFFIN *& al.*, *and Tr'st's.*

A trustee writ, made returnable in any county other than that in which one
or more of the alleged trustees, on which service has been made, resides,
may be abated.

Such defect, if apparent upon inspection of the writ, may be taken advantage
of by motion seasonably made.

The want of service on an alleged trustee, residing in the county in which the
writ is made returnable, cannot be cured under R. S., c. 81, § 25.

ON EXCEPTIONS from *Nisi Prius,* DANFORTH, J., presiding.
TRUSTEE PROCESS.

The plaintiff, both of the defendants, and Benjamin Har-
ris, one of the alleged trustees, were described in the writ
as residents in certain towns in Aroostook county, where
the writ was made returnable, and Samuel H. Dale, the
other trustee, was described as " of Bangor, in the county
of Penobscot."   The residences of all the parties were thus
truly described.   The officer's return shew an attachment of
real and personal estate, service on Samuel H. Dale and the
principal defendants, but no service was shown on Benjamin
Harris.   On the first day of the return term, the defendants
appeared specially and filed a written motion to dismiss the
action, because,—

1. The Court has no jurisdiction of the action ;—
2. Said action is trustee process, and the only trustee sum-

Mansur *v.* Coffin.

moned, to wit, Samuel H. Dale, is not a resident of this county, but resides in the county of Penobscot, where the suit should have been brought; —

3. Full, complete and sufficient service of the writ in said action has not been made. And the defendants say that the above defects appear upon the face of the record.

The presiding Judge overruled the motion, and the defendant alleged exceptions.

*W. J. Copeland*, for the defendant.

*J. C. Madigan*, for the plaintiff.

Law does not favor dilatory pleas. They should contain technical accuracy. The objection should have been taken by plea in abatement instead of motion. The motion is not sufficient, but should set forth that Harris had no goods or estate in his hands, &c. *Gardner* v. *Barker*, 12 Mass., 36.

The question of jurisdiction is determined by the writ. R. S., c. 86, §§ 2, 3, 4, 5 and 6. It was correctly "brought." Service was to be a subsequent act, and could not affect the jurisdiction if "brought" aright. Lack of service could not disprove Harris' trusteeship. He might die before service was made, or remove from the State, or the officer might attempt a service and make it erroneously, or fail to make return thereof. But, if returned without service, service could still be made. R. S., c. 81, § 25. And such motion has been made. The action was "brought" against a trustee in this county, and the jurisdiction should be presumed.

TAPLEY, J. — All actions commenced in the Supreme Judicial Court by foreign attachment, or trustee process, must be commenced in a county where some one or more of the trustees reside. R. S., c. 86, § 5.

The jurisdiction of the Court is made dependent upon the fact that some one or more of the trustees resides in the county. In other actions it is made dependent upon the fact that one of the parties, when they live in the State, resides in the county where the action is commenced, and in

some cases jurisdiction is attained by an actual attachment of property in the county. R. S., c. 81, §§ 2 and 5.

It will be perceived that in all these cases, the jurisdiction is made dependent upon some existing fact, and not upon the supposition by any one that such a fact does exist when it does not. Courts cannot, in determining their jurisdiction, inquire into the belief of different persons, and make that the foundation of their jurisdiction. They must have a more reliable, fixed, certain and definite foundation to proceed upon.

Different persons frequently entertain different views upon the same state of facts.

In actions where there are several plaintiffs, they might entertain different views upon the same state of facts. In such a case we have no authority for adopting the one, and discarding the other, and we could not well act upon the views of both, if opposed to each other.

To grant the construction contended for, would require the interpolation of the word "supposed," before the word "trustee," and change the foundation of the Court's jurisdiction, from a fact existing, to a mere inference of the party that the fact did exist.

The Court would have as much authority to interpolate the word "supposed" with reference to the place of residence, as with reference to the fact of being a trustee, and thus change the rule of construction provided by the second section of the same chapter.

It is suggested that such a construction is needed to avoid many embarrassments which would arise without it. If it be a fact that such difficulties now exist, it may furnish cause for new legislation upon the subject, but it neither confers upon the Court power to change the law, nor justifies it in assuming such power.

The declaration that a party is a trustee, and that he resides in a particular place, is a declaration of certain facts, and, under the rules of proceeding in such cases, these allegations, for the purpose of charging or discharging him as

trustee, are taken to be true until the contrary is made to appear by his disclosure.

They are, however, issues that may be raised by a plea in abatement of the action. *Jacobs & als.*, v. *Mellen & Tr.*, 14 Mass., 131; *Gardner* v. *Barker & Tr.*, 12 Mass., 36.

In this last case, the Court say, " if it could not be pleaded, the statute might constantly be evaded. The plaintiff might summon one as trustee who would agree to be defaulted, in which case, it could never appear to the Court, in that suit, that he had no effects of the principal, unless it could be so pleaded. It is certain that the defendant will, in many cases, be deprived of the advantage intended to be secured to him by the statute, unless he is allowed to plead the defect and insufficiency of the service. There is no hardship on the plaintiff in holding him to answer to such a plea, as the defendant takes on himself the burden of proving affirmatively that none of the persons summoned have any of his effects in their hands."

In cases where the jurisdiction is dependent upon the *attachment of property*, it may be pleaded in abatement of the action that there was no actual attachment made. *Gould* v. *Whiting*, 6 Pick. 364; *Eaton* v. *Whiting*, 3 Pick., 484.

There may be cases where the matter may be shown in abatement, upon *motion* or suggestion to the Court. In those cases where the record discloses the defect relied upon, a *motion*, grounded upon such defect, is sufficient, as no question of fact arises *dehors* the record. *Jacobs & al.* v. *Mellen & Tr.*, 14 Mass., 131. In this case it was said, — " if Wheeler and Gay alone, had been summoned as trustees, the writ would have abated at the motion of the defendant, or of any one as *amicus curiae*, because the defect would be apparent on the face of the writ."

The jurisdiction is determined by the facts existing at the time when the action was commenced.

The " service on the trustee binds all goods, effects or credits of the principal defendant, entrusted and deposited in his possession, to respond the final judgment in the ac-

tion, as when attached by the ordinary process." R. S., c. 86, § 4.

The exceptions state that the officer's return shows a service on Samuel H. Dale, but no service is shown on Benjamin Harris. The plaintiff contends that service may now be made upon Harris, under the provisions of § 25, c. 81, R. S., and says that a motion to that effect has been made.

If such could be done, it would not bind the goods, effects and credits of the principal defendant, in his hands, at an earlier period than the time of service, and could not relate back to the date of the writ or its entry in Court.

The new summons, however, provided for by this section, is a new summons to a defendant, and not to a trustee in the process of foreign attachment. A new service upon a trustee is regulated by § 6 of c. 86, which must be made before final service upon the principal defendant. To allow a new service *now*, upon the trustee, if it were of any avail at all, would be *now*, after entry in Court, to make a new attachment by and upon a summons. The new summons would not be a service of the *writ*, but merely a summons to come in and answer to the writ.

It is therefore apparent that not only has no service been made upon Harris, but that none can be made, and it becomes apparent that only Dale has been summoned as trustee, and, upon the authority of *Jacobs & al.* v. *Mellen & Tr.*, the writ may abate " on the motion of the defendant or of any one as *amicus curiae*, because the defect is apparent on the face of the writ."

Any party may avail himself of this objection. *Scudder* v. *Davis*, 33 Maine, 577.

Should it subsequently appear that Dale was not trustee, the question might arise whether the Court might not proceed in Aroostook county, inasmuch as both the principal parties reside there. R. S., c. 86, § 16.

This question seems to have received the attention of the Court, in *Greenwood* v. *Fales*, 6 Greenl., 405. It was there determined the writ must abate nevertheless. The Court

say, "although the plaintiff may discontinue his suit against the trustees, the character of the process remains, and, if made returnable to a wrong county, may be abated, whatever course the plaintiff may subsequently pursue. The authorities cited by the counsel for the defendant fully maintain this position."

The statute, c. 86, requires that this kind of process shall be brought in a county where one or more of the trustees resides. It having been brought in a county where no trustee resides, the action must abate.

*Exceptions sustained, and action abated.*

APPLETON, C. J., CUTTING, KENT and WALTON, JJ., concurred.