CHARLES RICHARDSON *vs.* CHARLES H. RICH.

Kennebec, 1876.—December 6, 1876.

*Writ. Abatement.*

A writ of entry must be in form, an attachment and summons or an original summons, and must be served in the manner appropriate to the form used.

A defect in the form or service of a writ, which is amendable, or which may be waived by the party suffering, is matter of abatement and can be taken advantage of only under rule sixth of this court, and in accordance with its provisions.

*Thus:* where a writ of entry was a capias, and served by arrest instead of an attachment and summons, or original summons, as by statute required; *held,* that the error in the form of the writ or service could only be taken advantage of by a plea or motion in abatement, filed within the first two days of the term, as by rule of court provided, and not afterwards by motion to dismiss.

ON EXCEPTIONS.

WRIT OF ENTRY, in the form of a capias, and served by arrest. The defendant filed, on the tenth day of the term, a motion to dismiss for error in form of writ and service. The presiding justice sustained the motion, and ordered the action dismissed; and the plaintiff alleged exceptions.

*G. T. Stevens & E. F. Pillsbury*, for the plaintiff.

*O. D. Baker*, for the defendant.

DANFORTH, J. This is a real action commenced by a capias writ, which was served by the arrest of the defendant.

At the return term, the defendant's attorney entered his appearance upon the docket "to object;" and on the tenth day of the term, filed a motion to dismiss the action, "because being a real action, the defendant was not liable to arrest, and yet said action was commenced by a capias, and the only service made, was by arresting the body of the defendant, and by taking from him a bail bond."

Under the statute of 1821, c. 59, as well as previous to it, a party was not limited to any particular form of writ in a real action ; and a capias might legally have been used. *Maine Charity School* v. *Dinsmore*, 20 Maine, 278.

In the revision of 1841, a change was made in the language used, c. 145, § 3, providing that writs of entry "shall be served, not only in the usual manner by attachment and summons, or by copy of the writ, upon the defendant ; but if the defendant be not in possession," by a copy upon the tenant, &c., thus recognizing the fact that the form of capias if lawful, was not often resorted to, and requiring in future the service upon the defendant to be by an attachment and summons, or by copy.

In the revisions of 1857 and 1871, c. 104, § 1, still more definite and peremptory language is used. The provision here is, that writs of entry "shall be served by attachment and summons, or copy of the writ, on the defendant ;" but if he is not in possession a further service is to be made upon the tenant. The terms here used are so explicit as to leave no room for construction or doubt. So far as the defendant is concerned, the service must be in one of two ways ; and as arrest is not one of them, that is necessarily excluded. As the service by arrest is illegal, a writ which commands it must also be illegal. "A writ which commands an unlawful act is bad in form." *Thayer* v. *Comstock*, 39 Maine, 140.

But it is claimed that this is not the proper construction of the

statute, that it regulates the mode of service only "when such service applies to the particular form of writ used." But, as the provision is, that one of these two modes of service must be made, it leaves no legal ground for the use of any writ which could properly be served in any other way. It is true, as contended, that R. S., c. 113, § 1, taken alone, gives the right in real actions, as well as in others, to a writ running against the body. But if we give it this effect, it renders the former statute, so far as it relates to the service of writs, a mere nullity ; or we must understand when it says writs of entry must be served in one of two ways, that it means the same as if there were inserted the proviso, if the plaintiff selects such a form of writ as may legally be served in this manner and in no other. This method of interpretation is certainly inadmissible. It is adding material language not found in the statute. These two statutes were passed at the same time, and each is equally binding. They must therefore be construed so that each, so far as possible, shall have the force given it by the terms used. With this principle in view, c. 104, § 1, has the effect of relieving writs of entry from, or taking them out of the general provisions of c. 113, § 1. The same principle must be applied to the writ of replevin. The provisions of the statute last cited, are broad enough to authorize this writ to run against the body. But another law having prescribed its form, it will hardly be contended that it may be so far changed as to insert a capias.

R. S., c. 81, § 2, is also relied upon. But this proves too much for the plaintiff's case; for it provides that all writs may be framed so as to take the body. This would override even the exception contained in c. 113, § 1, which is contrary to the universal practice, and in violation of a well established rule for the construction of statutes. Applying this rule as above stated, and these three statutes will each remain in full force, and have the meaning and effect which the legislature intended, that all writs may be so framed as to run against the body, except in those cases where the law especially applicable, otherwise provides. In real actions the law applicable, as we have seen, provides that the service shall not be by arrest, and by necessary inference that the writ should not run against the body. Hence in this case the writ is illegal, and the service is defective.

Still it is claimed that the motion should not be allowed, because not made in season ; and we think this objection is well founded.

The writ is in the alternative, directing the officer to attach property, and for want thereof to take the body. It might therefore have been legally served notwithstanding the illegal order found in it. This order is not necessary to the vitality of the writ; it is an unnecessary as well as an illegal addition to it, and may therefore be stricken out. Therefore the writ may be amended. *Matthews* v. *Blossom*, 15 Maine, 400.

The objection to the service is not that there was a total failure in that respect, but that it was defective and even illegal. There is no pretense that it was not by a competent officer, or that the defendant did not have due notice of the suit. In such a case the defect is one which the defendant might waive, or which would avail him only when the objection is made in the proper manner, and at the proper time. *Cook* v. *Lothrop & als.*, 18 Maine, 260. *Shaw* v. *Usher*, 41 Maine, 102. *Maine Bank* v. *Hervey*, 21 Maine, 38.

By the sixth rule of this court, "pleas or motions in *abatement,* as to the jurisdiction in actions originally brought in this court, must be filed within two days after the entry of the action," &c. As the defect in this case is one that should and could be taken advantage of only in abatement, it comes within the express terms of the rule ; and therefore, the motion was too late. *Nickerson* v. *Nickerson*, 36 Maine, 417. *Shorey* v. *Hussey*, 32 Maine, 579. *Webb* v. *Goddard*, 46 Maine, 505. *Stetson* v. *Corinna*, 44 Maine, 29.

Nor does it change the effect by making the appearance special. If it is done solely to object to the defective service as in this case, still, if the time allowed for filing the motion is permitted to pass by without doing so, it is as much a waiver, as though the appearance had been general. It becomes a neglect to do that, without which the objection becomes of no avail, as the following cases clearly show. *Snell* v. *Snell*, 40 Maine, 307. *Mitchell* v. *Union L. Ins. Co.*, 45 Maine, 104. *Mace* v. *Woodward*, 38 Maine, 426. This last case is cited and relied upon by the defendant's counsel. It is true that after holding that the motion must be overruled as

having been filed too late, it also holds that "the judge had the power, *ex officio*, to dismiss the action," and an entry was made that further proceedings be stayed. This was on the ground that the service was not a defective one, but totally void, and such a deficiency as could not be waived by the defendant. Otherwise the decision would be inconsistent with itself and with many other decisions of this court besides those above cited. In *Carlisle* v. *Weston*, 21 Pick. 535, 536, the rule is said to be, that "irregularities and defects may be waived; but mere nullities cannot be cured or restored to life, inasmuch as they never possessed any legal vitality." So in *Nye* v. *Liscombe & tr.*, 21 Pick. 263, the action was dismissed after appearance, on the ground that the court had no jurisdiction, and of course a judgment would have been erroneous. To the same effect is *Lawrence* v. *Smith*, 5 Mass. 362, and *Tingley* v. *Bateman & tr.*, 10 Mass. 343, cited by defendant. In these cases the plea in abatement was held insufficient. It is undoubtedly true, as contended in the argument, that where the judgment would be erroneous the court will abate the action either with or without a motion ; and this it will do in any stage of the proceedings, if on inspection, it becomes apparent that there is a want of jurisdiction. This principle is recognized in *Maine Bank* v. *Hervey*, above cited, also in the several cases cited by defendant's counsel.

But these cases are in no respect inconsistent with those before cited, or with the rule of court. The rule applies to matters which can only avail in abatement. The cases relied upon, refer to such deficiencies as are vital to the action, and may be shown under any issue, or in any stage of the proceedings. If the court has jurisdiction of the subject matter and the parties, any defect in the process or service may be waived or amended ; and such defects must be taken advantage of, if at all, under the rule and in accordance with its provisions. But, where the court has no jurisdiction of the subject matter or of the parties or there is no process or service, such defect cannot be amended or waived ; and such deficiency will defeat the action whenever it may come to the knowledge of the court.

This distinction is clearly made in *Webb* v. *Goddard*, before

cited, in which it was held that where a transitory action is brought in the wrong county, the objection can only be raised in abatement; while the same objection could be raised in a local action, in any stage of the proceedings. *Blake* v. *Freeman*, 13 Maine, 130.                                                      *Exceptions sustained.*

APPLETON, C. J., WALTON, VIRGIN and PETERS, JJ., concurred. LIBBEY, J., having been of counsel, did not sit.