SNELL *versus* SNELL & *al.*

By a rule of Court, pleas in abatement, and motions to dismiss for defects in service, must be filed within the first two days of the term the writ is entered.

And it forms no exception to this rule, that at the first term no appearance was entered for defendant, except by his counsel "specially."

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

ASSUMPSIT, for use and occupation.

The writ was entered at the Feb. term, 1854, at which term, under defendant's name, was entered upon the docket "Abbott, specially," and the action was continued that and the succeeding term.

At the Feb. term, 1855, another counsellor entered his name upon the docket under defendants' name, "specially," and on the first day of the term filed a motion to dismiss the suit for defects in the service, which was overruled. A trial was had, a verdict for plaintiff, and defendants excepted.

*W. G. Clark*, in support of the exceptions, argued that the causes set forth in his motion were sufficient to abate the writ, that the docket shows that no general appearance was or had been entered by or for defendants at the term the motion in abatement was made. There was a special appearance only for the purpose of taking advantage of defects, that the motion was therefore seasonable, in due form, and should have been allowed. *Singley* v. *Bateman*, 10 Mass. 343; *Gardner* v. *Baker*, 12 Mass. 36; *Lawrence* v. *Smith*, 5 Mass. 362.

This view was sustained also by *Trafton* v. *Rogers*, 13 Maine, 315; *Bank* v. *Hervey*, 21 Maine, 38, in which cases a *general* appearance had been entered, which was the reason of disallowing the pleas.

*A. M. Robinson, contra.*

APPLETON, J. — By the 18th rule of this Court, pleas in abatement must be filed by the second day of the term, at which the actions are entered, and if not so filed, the de-

fendant must be regarded as having waived the particular defect, on account of which, he might by a plea have abated the writ. *Maine Bank* v. *Hervey*, 21 Maine, 38. A motion to dismiss a suit for an alleged insufficiency of service must be made within the time which the rules of Court prescribe for filing pleas in abatement. *Pattee* v. *Low*, 35 Maine, 121; *Nickerson* v. *Nickerson*, 36 Maine, 417. The motion, in this case, was made at the third term, and was too late.

*Exceptions overruled. — Judgment on the verdict.*