## CITY OF BATH vs. WILLIAM B. PALMER.

### Sagadahoc.    Opinion June 30, 1897.

*Equity. Practice. Exceptions. R. S., c. 77, §§ 22, 25.*

Under the rules regulating equity practice in this state, as provided in R. S., c. 77, §§ 22 and 25, it is irregular to bring exceptions in an equity cause to the law court before final hearing; and such hearing will not be allowed, unless the question does not admit of delay until then.

A demurrer to a bill was overruled and exceptions were taken. The bill was then amended, and a demurrer interposed to the amended bill, which was overruled and exceptions taken. Without further proceeding the case was brought to the law court. *Held;* that this is irregular. The defendant should have answered, and after final hearing before a single justice, and appeal taken from his decree, the exceptions to the previous interlocutory decrees would then be properly before the law court.

ON EXCEPTIONS.

The case is stated in the opinion.

*F. E. Southard,* for plaintiff.

*J. W. Symonds, D. W. Snow and C. S. Cook,* for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, STROUT, SAVAGE, JJ.

STROUT, J.   This cause must be dismissed from the law docket as prematurely here.

There was a demurrer to the bill, which was overruled, and exceptions taken. An amendment to the bill was then allowed, and a demurrer filed to the amended bill, which was overruled, and exceptions taken. Without further proceedings, the cause was brought here.

Both decrees, overruling the demurrer, were interlocutory and not final, and left the cause for further hearing upon answer and proof. By R. S., c. 77, § 22, an appeal may be taken from any interlocutory decree or order, "but such appeal shall not suspend any proceedings under such decree or order, or in the cause, and

shall not be taken to the law court until after final decree. Upon an appeal from a final decree, all previous decrees and orders are open for revision, renewal or approval." By section 25, exceptions may be taken to rulings, but the "allowance and hearing of exceptions shall not suspend the other proceedings in the cause."

The rule laid down in *Maine Benefit Association* v. *Hamilton*, 80 Maine, 99, is "that it is irregular to hear exceptions in an equity cause before final hearing, and that such hearing should not be allowed, unless the question does not admit of delay till then."

Nothing in this cause brings it within the exception. After answer and proof and a final hearing, these interlocutory decrees may not be regarded by the parties as of sufficient importance to present to the law court.

If there shall be an appeal from the final decree, the rights of all parties will be fully preserved.

*Exceptions dismissed.*