### JOSEPH F. SMITH *vs.* SUMNER HUNT.

### Penobscot.    Opinion May 28, 1898.

*Dilatory Plea. Practice. Bangor Municipal Court. R. S., c. 77, § 52; c. 83, §§ 3, 9. Special Act. 1895, c. 211, § 2.*

Exceptions to the sustaining of a demurrer to a plea in abatement should not be sent to the law court until trial upon the merits. If they are so sent and entered, any further right to hearing upon the merits is thereby waived, and if the exceptions be overruled judgment should be given for the plaintiff.

The plaintiff a resident of Orrington, Penobscot county, brought an action of assumpsit upon an account for $12.20 with a quantum meruit for the same cause of action in the Bangor Municipal court against the defendant, a resident of Kennebec county. The ad damnum in the writ was $50. The defendant pleaded in abatement to the jurisdiction of the court, in substance, that the *debt sued for did not exceed $20*, whereby the court had no jurisdiction over him. *Held;* that the jurisdiction depends upon the ad damnum, which is the amount of damages demanded.

ON EXCEPTIONS BY DEFENDANT.

This was an action of assumpsit brought in the Bangor Municipal Court, in which plaintiff, a resident of Orrington, Penobscot county, declared against the defendant, a resident of Kennebec county, on an account annexed to the writ for twelve dollars and twenty cents. There was also an account in quantum meruit covering the same cause of action and alleging a value of fifteen dollars. But one recovery was claimed under the two counts. The ad damnum in the writ was fifty dollars. On the return day of the writ, defendant appeared specially by counsel, for the purpose of pleading in abatement to the writ and for no other purpose whatever, and on said return day his counsel filed a plea in abatement to which plaintiff demurred. Defendant joined the demurrer. The presiding justice sustained the demurrer, adjudged the ·plea bad, and ordered the defendant to answer further. To these rulings of the presiding justice the defendant excepted without pleading anew.

The exceptions were certified to the Chief Justice under section 6 of the act establishing the Bangor Municipal Court.

The plea in abatement is as follows:—

STATE OF MAINE.

County of Penobscot.                 Bangor Municipal Court.

At the term thereof begun and held at Bangor within and for said County of Penobscot on the third Monday of June, A. D. 1897. Joseph F. Smith v. Sumner Hunt.

And now Sumner Hunt, the defendant named in the above entitled action, comes and defends at the time and place aforesaid and prays judgment of the plaintiff's writ and declaration aforesaid, because he says that at the time of the purchase and service of said writ and long before and ever since his residence has been and now is Vassalboro, in the county of Kennebec, and not in any place in the county of Penobscot, and that none of his goods were attached within the county of Penobscot, nor was service of said writ made upon him within said county of Penobscot, and that the amount sued for in this action as appears by the account annexed is less than twenty dollars; and he further says that the ad damnum in

said writ was fraudulently placed at a sum greater than twenty dollars, to wit, at the sum of fifty dollars, for the sole purpose of giving jurisdiction to this court, and for no other reason or purpose whatever; and he further alleges that at the time of the purchase and service of said writ and long before there was a court duly organized and existing under the laws of Maine at Waterville, in the county of Kennebec, called the Municipal Court of Waterville, and that said Municipal Court of Waterville still exists and ever had and now has full jurisdiction over his person and property and the subject matter involved in this action. And this he is ready to verify. Wherefore he prays judgment of said writ that it may be quashed, and for his costs. Sumner Hunt by Harvey D. Eaton, his attorney and agent.

(Here follows the affidavit of said Eaton.)

*A. H. Harding*, for plaintiff.

There is no statute or law which compels us to go into another county, outside of our own county to bring a personal action, as in the present case. There can be no doubt or question, but what we could bring our action in the Supreme Judicial Court, in Penobscot county; and if so, we could bring our action before the Bangor Municipal Court, which has concurrent jurisdiction with the Supreme Judicial Court in all personal actions, where the debt or damage demanded, exclusive of costs, is over twenty dollars, and not over three hundred dollars. It is less expensive for us to bring suit in our county, and a more convenient tribunal is open to us.

Statutes, prescribing the counties in which transitory actions may be brought, and tried, do not, in the least, change their legal character; but over such, the court has jurisdiction, in any county in which they are commenced. *Webb* v. *Garland*, 46 Maine, 505.

The defendant's plea in abatement is defective in the following particulars:—It is argumentative; it is double; it is uncertain which class of dilatory pleas he intended to plead. In the commencement " he prays judgment of the writ and declaration." In the conclusion he prays "judgment of writ," that it may be quashed. It also may be, as to jurisdiction of the court, as he

points out another Court at Waterville, and says it has full juris-
diction over defendant's person and property, does not say it has
exclusive jurisdiction, but full jurisdiction.

The plea in abatement is ambiguous, uncertain which class of
dilatory pleas he intended. It may be to the fourth class of dila-
tory pleas, viz: the writ; it may be to the third, viz: declaration;
or to the jurisdiction, which is the first class. If he intended it to
the jurisdiction, it is bad, as the affidavit should have been signed
and sworn to, by the defendant in person, and not by attorney. 1
Chit. Pl. 452; *Grant* v. *Sands*, 2 Bl. R. 1094; *Hunter* v. *Nash*, 3
M. & G. 184.

*H. D. Eaton*, for defendant.

The material allegation in defendant's plea in abatement is
"that the ad damnum in said writ was fraudulently placed at a
sum greater than $20, to wit, the sum of $50, for the sole purpose
of giving jurisdiction to this court, and for no other reason or pur-
pose whatever;" and plaintiff by his demurrer has confessed that
this is true. The admission of the truth of this allegation is abso-
lutely fatal to the maintenance of the action. The fraudulent alle-
gation of an excessive ad damnum for the purpose of giving juris-
diction to a court in a distant county is not only an imposition
upon the defendant but an abuse of legal process such as courts are
quick to condemn whenever the objection is correctly presented at
the proper stage of the proceedings.

In *Ridlon* v. *Emery*, 6 Greenl. 261, the objection was properly
presented by a plea in abatement and was carefully considered by
the court. The court found in that case that under the statutes
then in force, justices of the peace had only concurrent and not
exclusive jurisdiction where the value did not exceed $20, and for
that reason alone the plea was adjudged insufficient. And in
*Small* v. *Swain*, 1 Greenl. 133, at p. 135, it is squarely stated "if
an excessive value had been alleged in the writ, for the purpose of
giving jurisdiction to the court, that fact should have been shown
in abatement." And these decisions of our own court are sup-
ported by the decisions of all other courts which have ever consid-
ered the question.

"It is a well settled rule, and of course in harmony both with reason and justice, that one can not knowingly allege a fictitious amount for the sole purpose of bringing his case within the jurisdiction of a court, as such would manifestly be a fraud upon that jurisdiction." Ency. of Pleading & Practice, Vol. 1, p. 710, citing cases in Alabama, Georgia, Michigan, Mississippi, New Jersey, North Carolina, Pennsylvania, South Carolina, Texas, Vermont, West Virginia and various Federal Courts. See also same volume, p. 4, note on "Fraud in obtaining jurisdiction."

Pleas in abatement may be filed by attorney. *Atwood* v. *Higgins*, 76 Maine, 423, p. 425. Counsel also cited *State* v. *Flemming*, 66 Maine, 142, pp. 150, 151.

SITTING: PETERS, C. J., HASKELL, WHITEHOUSE, STROUT, SAVAGE, FOGLER, JJ.

HASKELL, J. Assumpsit upon an account for $12.20 with a quantum meruit for the same cause of action, brought before the Bangor Municipal Court. That court has concurrent jurisdiction with trial justices against defendants residing in the county, outside of Bangor, when the debt or damages demanded do not exceed $20 and exclusive jurisdiction when either party does reside in Bangor. It has concurrent jurisdiction with this court when the debt or damages demanded exceed $20 and do not exceed $300. Act of 1895, c. 211, § 2; R. S., c. 83, §§ 3 and 9.

This defendant resided in the county of Kennebec. The ad damnum is $50. The defendant pleaded in abatement to the jurisdiction of the court, in substance, that the debt sued for does not exceed $20, whereby the court had no jurisdiction over him, a resident in another county and within the jurisdiction of another court. To this plea plaintiff demurred and the court overruled the demurrer and ordered the defendant to answer over, and he, instead of so doing, not only took exceptions but at once sent them to this court.

The exceptions are to the overruling of a plea in abatement, a dilatory plea, and regularly should not have been brought up until

after trial upon the merits. R. S., c. 77, § 52. But, inasmuch as the defendant did not choose to accept the privilege of pleading over that was accorded him, he thereby waived all such right and the decision here must be final. *Furbish* v. *Robertson*, 67 Maine, 35.

It is common learning that pleas in abatement to the jurisdiction must be pleaded in person and not by attorney. However, the gravamen of this plea appears upon the face of the writ, and therefore it may be treated as a motion and the point it makes decided upon the merits.

*Cole* v. *Hayes*, 78 Maine, 539, is directly in point. There the plaintiff resided in Oxford county, the defendant in Piscataquis. The action was assumpsit upon a promissory note for $12 and interest. The ad damnum was above $20. The judgment is that the court had jurisdiction. The court says: "It appears to be well settled that in all actions sounding in damages as assumpsit and tort, the jurisdiction depends upon the ad damnum which is the amount of damages demanded." We cannot distinguish this case from that one. Here, the demand is $12.20. There, it was $12. Here, the ad damnum is $50. There, it was above $20. Here, it is unnecessarily large. There, it may have been. It would be impracticable to fix a reasonable limit. Quarter costs apply in that case, here not. It is a matter that the legislature may regulate. It is impracticable for the court to attempt it.

*Exceptions overruled. Defendant defaulted.*