LUCY M. FLINT, Admx. in Equity,

*vs.*

ROBERT COMLY and others.

Cumberland.    Opinion April 16, 1901.

*Jurisdiction.    Attorney.    Law and Equity Act, 1893.    Practice.    Chancery Rules, VIII, XIV.    R. S., c. 77, §§ 22, 25; c. 82, § 10.*

A non-resident defendant, upon whom service has not been made in this state, by causing a general and unconditional appearance to be made for him by his attorney, submits himself to the jurisdiction of the court, if the court has jurisdiction of the subject matter, although independently of this voluntary action by the defendant, the court might have had no jurisdiction over him. This is as true in causes in equity as in actions at law.

In the absence of anything to the contrary, the presumption is that an attorney has full right, power and authority to make such appearance. The court will not require, in addition to such an appearance and an answer signed by counsel, an answer personally signed by a non-resident defendant, before assuming jurisdiction over the person of such defendant.

A defendant who thus voluntarily submits himself to the jurisdiction of the court, must be held to have done so subject to the method of procedure in this state and to all statutory provisions in relation to procedure, including, among other things, the power of the court under chap. 217 Public Laws of 1893, in an equity proceeding, to strike out the pleadings in equity and require the parties to plead at law in the same cause, whenever it appears that the remedy at law is plain, adequate and complete and that the rights of the parties can be fully determined and enforced by a judgment and execution at law, and to then hear and determine the case at law. If a non-resident defendant has voluntarily submitted himself to the jurisdiction of the court, the procedure must in all respects be the same as if the defendant was a resident of the state.

The procedure provided by chap. 217, Public Laws of 1893, may be ordered by the court without any motion or request therefor by either party, if it appears to the court during the progress of the hearing that the conditions named in the act exist. Consequently, the form of a written motion by one of the parties that such an order be made is immaterial.

Although the act provides that this order may be made " upon reasonable terms," this does not make it obligatory upon the court to impose terms. Any terms might be unreasonable in a particular case. The matter of imposing terms is left to the discretion of the court.

The sitting justice did not use the language of the statute in his order, but caused this entry to be made upon the docket: "Motion to convert cause into an action at law granted." *Held;* that it must be assumed that, before the justice made the order to convert the cause in equity into an action at law, it was made to appear to him that the remedy at law was plain, adequate and complete and that the rights of the parties could be fully determined and enforced by a judgment and execution at law. And that, although the court in terms did not order that the pleadings in equity be stricken out and that the parties should plead at law in the same cause, this was the precise effect of the order to convert the cause in equity into an action at law, and was in substance and effect what was authorized by the statute.

Exceptions by defendants. Overruled.

Bill in equity by Lucy M. Flint of Cornish, in the county of York, administratrix of the goods and estate of Fred T. Flint, late of said Cornish, deceased, against Robert Comly of Philadelphia, and William Flanigen of Woodbury, New Jersey, co-partners in business under the firm name and style of Comly and Flanigen, and against Charles E. Perkins of Portland. The bill asserts a lien or interest in certain mortgages and pledges of real estate and personal property held by the non-resident defendants, and against the estate of the said Fred T. Flint.

After several hearings the plaintiff moved to convert the cause into an action at law. This motion having been granted the defendants excepted.

*Edward Woodman and Robert T. Whitehouse*, for plaintiff.

*J. W. Symonds, D. W. Snow, C. S. Cook, C. L. Hutchinson; W. P. Perkins*, with them, for defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, JJ.

WISWELL, C. J. The plaintiff commenced a bill in equity against three defendants, one a resident of the state, the other two non-residents, which was duly entered and filed in the office of the clerk of this court for Cumberland county, on July 7, 1899. Thereupon a subpœna issued against the resident defendant, who subsequently entered his appearance, and an order issued as to the non-resident defendants to appear and answer within one month

from the first Tuesday of August, 1899. There was no service of this order in this state, but upon November 8, 1899, counsel for the non-resident defendants entered upon the docket a general and unconditional appearance in the manner provided by Chancery Rule VIII, and on January 23, 1900, the joint answer of these non-resident defendants was filed, signed in their names by their solicitors.

Prior to this, on July 7, 1899, a preliminary injunction had been issued against the resident defendant, without a hearing, but upon the filing of the statutory bond. Later, he filed a motion to dissolve this injunction, upon which motion a hearing was had, but before a decision had been rendered, on January 24, 1900, the plaintiff moved to discontinue as to the resident defendant and three days later this motion was granted with costs for him. On January 24, 1900, the plaintiff also filed this motion: "Now comes the plaintiff in the above entitled cause and shows unto your Honors that the matter in controversy may be adequately and completely determined in a suit at law, and that the issues presented may be more conveniently described according to the course of the common law, than in equity. Wherefore, she prays leave of the court to convert her said action into an action at law upon such reasonable terms as the court may be pleased to order, etc." The docket shows this entry under date of January 27, 1900 : "Motion to convert cause into an action at law granted."

To this order the defendants took exception and, without any thing further being done in the case, entered the same at the next law court. It might be questioned as to whether this bill of exceptions was not prematurely brought forward, as the exception was to an interlocutory order and perhaps should not have been entered until the completion of the case, when it might have become unnecessary to prosecute the exceptions. R. S., c. 77, §§ 22 and 25 ; *Maine Benefit Association* v. *Hamilton*, 80 Maine, 99. But, as the procedure under the Act of 1893 is somewhat anomalous, and as there has already been considerable delay in the case, we think it more in the interests of justice that the questions involved should now be determined, which course is not without

precedent in this state, even if it were clear that the exceptions were prematurely brought forward. *Stevens* v. *Shaw*, 77 Maine, 566.

It is argued that this court had no jurisdiction over the non-resident defendants, that no service of the bill was ever made upon them in Maine, and no fact set up in the bill which would subject them to the jurisdiction of this court, except the alleged fact that their co-defendant had in his possession certain property or evidences of indebtedness belonging to the non-resident defendants not open to attachment; that when the bill was discontinued as to the resident defendant, the court then had no jurisdiction whatever over these defendants; and that this discontinuance as to the other defendant, by leave of court and upon the plaintiff's motion, was equivalent to an admission by the plaintiff and a decision by the court that the court had no further jurisdiction over these defendants.

The answer to all this is, that the defendants by their duly authorized counsel entered a general and unconditional appearance, thereby voluntarily submitting themselves to the jurisdiction of the court, although independently of this voluntary action upon their part the court may have had no jurisdiction over them. It is said in Daniell's Chancery Pleading and Practice, p. 536 : "Appearance is the process by which a person, against whom a suit has been commenced, submits himself to the jurisdiction of the court."

And in the Encyl. of Pleading and Practice, Vol. 2, page 639, "It is a universal rule, which admits of no exception, that, if the court has jurisdiction of the subject matter, a general appearance gives jurisdiction over the person. The principle that a general appearance confers personal jurisdiction is of great importance when a non-resident is sued. In a personal action brought against a citizen of another state, the court does not acquire jurisdiction over him by virtue of notice served on him in such other state. While process can not extend beyond the limits of the state, yet a non-resident becomes subject to the jurisdiction of the court by a general appearance." In support of these propositions authorities are cited from nearly every state in the Union; they are too numer-

ous, and the matter is too well settled to require a citation of these authorities here.

This principle has been several times recognized by this court in actions at law. *Maine Bank* v. *Hervey,* 21 Maine, 38; *Buckfield Branch R. R. Co.* v. *Benson,* 43 Maine, 374; *Thornton* v. *Leavitt,* 63 Maine, 384; *Mahan* v. *Sutherland,* 73 Maine, 158. That the principle is equally applicable to causes in equity will be seen by an examination of the cases above referred to as cited in the Encyl. of Pleading and Practice.

It is suggested in the argument, by defendant's counsel, that in accordance with the equity practice in this state, the court will not assume jurisdiction over a non-resident defendant merely upon the general appearance of counsel and upon an answer signed by counsel, but will require in addition to the general appearance of counsel an answer personally signed by such non-resident defendant, unless service has been made upon him in the state. We are not aware of any such practice, and no authority to that effect has been called to our attention. Upon the other hand, the rule is that, in the absence of anything to the contrary, the presumption is that an attorney has full right, power and authority to make such appearance. In support of this proposition the authorities are unanimous. Here, there is no suggestion of any want of authority upon the part of the counsel for these defendants to enter a general appearance for them. If these non-resident defendants had desired to object to the jurisdiction of the court, they should have entered a special or conditional appearance. Such an appearance, made for the purpose of urging jurisdictional objections, is clearly recognized by all courts and works upon practice.

It is argued that by Chancery Rule XIV defenses by demurrer or plea may be inserted in an answer, and that an appearance followed by an answer, in which is contained a plea to the jurisdiction, should not have the effect of giving the court jurisdiction over the person of a non-resident defendant, when jurisdiction is acquired in no other way. But, in this case, the defendants' answer does not contain any plea to the jurisdiction of the court over these defendants, nor is objection to the jurisdiction of the court

raised in any way; it merely, in one paragraph, denies that the resident defendant had in his possession, or under his control, any property belonging to them. But, even if the defendants in their answer, in which they make answer to the merits of the cause, had also objected to the jurisdiction of the court as to them, it seems, in accordance with the authorities, that even this course would have subjected them to the jurisdiction of the court. The rule is, that when a defendant appears solely for the purpose of objecting to the jurisdiction of the court over his person, such motion is not a voluntary appearance of defendant which is equivalent to service. Where, however, the motion involves the merits of the case, the rule is otherwise. *Elliott* v. *Lawhead*, 43 Ohio State, 172. See also *St. Louis Car Co.* v. *Stillwater St. Ry. Co.*, 53 Minn. 129; *Carroll* v. *Lee*, 3 G. & J. (Md.) 504; *Fitzgerald, etc. Construction Company* v. *Fitzgerald*, 137 U. S. 98; *Tipton* v. *Wright*, 7 Bush, (Ky.) 448.

These defendants having, as we have seen, voluntarily submitted themselves to the jurisdiction of the court, must be held to have done so subject to the method of procedure in this state and to all statutory provisions in relation to procedure, including, among other things, the power of the court, under chap. 217 Public Laws of 1893, in an equity proceeding, to strike out the pleadings in equity and require the parties to plead at law in the same cause, whenever it appears that the remedy at law is plain, adequate and complete and that the rights of the parties can be fully determined and enforced by a judgment and execution at law, and to then hear and determine the case at law. This provision of the statute applies to all cases pending in equity, and this order may be made by the court, under the conditions named, whenever the court has jurisdiction of the subject matter of the cause and over the persons of the defendants. That this court has jurisdiction of the subject matter of the cause is not denied, and that it acquired jurisdiction over the persons of the defendants, we have already decided. The important thing is that the court has jurisdiction; it matters not how that jurisdiction was acquired over the person of a defendant. If a non-resident defendant has voluntarily submitted himself to the

jurisdiction of the court, the procedure must in all respects be the same as if the defendant was a resident of the state.

We have no question, therefore, of the power of the court in this cause, under the conditions named in the act, to order that the pleadings in equity be stricken out and to require the parties to plead at law in the same cause, which may then be heard and determined by the court upon the law side of the court. The cause is the same notwithstanding it has been converted from a cause in equity to an action at law. The section of the act refers to it as "the same cause" and provides that the court may hear and determine "the cause" at law, while by another section of the act it is provided that no attachment shall be affected by this procedure.

It is further contended, by the counsel for the defendants, that although the court attempted to proceed under this Act of 1893, it did not in fact accomplish this intention because of various informalities, and our attention is called to the insufficiency of the plaintiff's motion; the fact that no terms were imposed; and the further fact that in making the order the court did not use the language of the act. It is true that the plaintiff's motion did not contain an averment, "that the remedy at law is plain, adequate and complete, and that the rights of the parties can be fully determined and enforced by a judgment and execution at law." It simply said "that the matter in controversy may be adequately and completely determined in a suit at law, and that the issues presented may be more conveniently tried according to the course of the common law than in equity." It would have been better practice if the motion had followed the language of the act, but we do not think that any written motion was necessary, or even that this order of the court need be made at the instance or request of either party. It may be made by the court without the motion of either party during the progress of the hearing, if it appears to the court that the conditions named in the act exist. See *Ridley* v. *Ridley*, 87 Maine, 445. Whatever the form of the motion in any case, or if there is no motion, these facts must be made to appear to the court before an order of this kind is made.

Again, the act provides that the order may be made "upon

reasonable terms." Here no terms were imposed, and it is claimed that upon this account that the order was not properly made. But we do not think that the statute makes it obligatory upon the court to impose terms : any terms might be unreasonable in a given case. The language of the act is similar to the provision of R. S., c. 82, § 10, "such errors and defects may be amended on motion of either party, on such terms as the court orders." Under this statute it has been held by this court that the matter of imposing any terms was discretionary upon the court. *Bolster* v. *Inhabitants of China*, 67 Maine, 551. Both of these statutes differ from the one allowing an amendment after demurrer, which can only be done, by express provision of the statute, upon the payment of costs.

Lastly, it is argued that the order of the court was not in the language of the act, that the court did not strike out the pleadings in equity and require the parties to plead at law in the same cause, and that it does not appear that the justice who made the order found that the statutory conditions existed. But this finding by the sitting justice was a condition precedent to making the order. We must assume that, before making the order to convert the cause in equity into an action at law, it was made to appear to him that, in the language of the act, " the remedy at law is plain, adequate and complete and that the rights of the parties can be fully determined and enforced by a judgment and execution at law."

The court in the order did not strike out the pleadings in equity and require the parties to plead at law in the same cause. This, however, was the precise effect of the order to convert the cause in equity into an action at law, and was in substance and effect what was authorized by the statute. It was a brief and concise form of order, by which the court exercised the authority given by this statute.

*Exceptions overruled. Case remanded to nisi prius for further proceedings.*