FRED L. EMMONS *vs.* EUGENE A. SIMPSON.

York.    Opinion November 14, 1917.

*Service of writs on non-residents.    Necessary form of plea in abatement to jurisdiction of court.    Form of plea in abatement to the writ or service.*

The writ in this action was served on the defendant, a non-resident while attending court as a party and witness.    Claiming exemption from service the defendant by his attorney pleaded in abatement,    On the ground that the plea was to the jurisdiction of the court and that by pleading by attorney the defendant admitted jurisdiction, the plaintiff demurred to the plea.    The presiding Justice overruled the demurrer and the plaintiff filed exceptions.

*Held:*

The plea was a plea in abatement to the writ and not a plea to the jurisdiction and therefore properly pleaded by attorney.

Action on the case for abuse of process.    At return term, defendant seasonably filed plea in abatement, setting forth the fact that he was a non-resident at the time service was made upon him.    To the plea in abatement so filed, plaintiff filed demurrer.    The presiding Justice overruled the demurrer, sustained the plea in abatement with costs; to which ruling the plaintiff filed exceptions.    Exceptions overruled.

Case stated in opinion.

*Robert B. Seidel,* for plaintiff.

*Stone & Stone,* for defendant.

SITTING:  BIRD, HALEY, HANSON, PHILBROOK, MADIGAN, JJ.

MADIGAN, J.    The writ in this action was served on the defendant, a non-resident, while he was attending court in this State, as a party and witness.    Claiming to be exempt from service, while so attending court the defendant by his attorney seasonably filed a plea in abatement.    The presiding Justice overruled a demurrer to the plea, and the case is before the court on exception to this ruling.

The plaintiff contends that this is a plea to the jurisdiction, and therefore should have been pleaded in person, and not by attorney. It is, however a plea to the writ and not to the jurisdiction, and properly pleaded. While the defendant has admitted the court's jurisdiction, he has not admitted valid service of the writ, or waived his privilege of exemption from service. Under the laws of England, attorneys were privileged from service in their own court, and a claim of such privilege was properly made by plea in abatement filed by defendant's attorney. Chitty vol. 2, page 273. Massachusetts statutes provided that local or transitory actions should be brought in the county where one of the parties lived, otherwise they would abate. *Cleveland* v. *Welch*, 4 Mass., 591, holds that parties desiring to avail themselves of the provisions of this statute must do so by plea in abatement to the writ, "for the exception is not to the jurisdiction, but to the writ as sued out and returned in the wrong county."

In *Guild, Admr.*, vs. *Richardsin, Admr.*, 6th of Pickering, 364, the defendant in a writ was named as resident of a town not within the Commonwealth, and the officer returned that he had attached all of the defendant's interest in a parcel of land, and had left a summons at the place of his last and usual abode when in the Commonwealth. The defendant pleaded by attorney that he had no interest in the land, and prayed that the writ might abate and for his costs. The court held that the plea was a plea to the writ and not the jurisdiction of the court. The court says as follows: "This plea was well pleaded by the attorney. If it had been a plea to the jurisdiction, the reasoning of the plaintiff's counsel would have been conclusive. So, according to the English practice, misnomer cannot be pleaded by attorney; but other pleas in abatement may be so pleaded, and such is the uniform practice. By appearing by an attorney of the court, the defendant admits its jurisdiction, but not that the writ is good, or the service sufficient."

*Exceptions overruled.*