W. Philip Munsey, Executor
U/W of Alfred L. Groves
*vs.*
John Groves

Lincoln.    Opinion, September 19, 1955

*James Blenn Perkins,* for plaintiff.

*John E. Wilson* (specially), for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, JJ., THAXTER, A.R.J. TAPLEY, J., did not sit.

WEBBER, J. Plaintiff brought his bill in equity as Executor setting forth that his testator in his lifetime executed a deed of Maine real estate to defendant, which deed, the plaintiff averred, although duly recorded within a few days, was never delivered to the defendant by the decedent in his lifetime. The prayer of the bill was for injunction to restrain the defendant from disposing of the property. Service of notice in the usual form was made, so the parties stipulate, on the defendant in South Carolina, he being resident thereof. Thereafter counsel for defendant appeared specially and subsequently filed motion to dismiss for want of jurisdiction as to the defendant. This motion was denied and exception taken. The residuary legatee was permitted without objection to intervene as party plaintiff. Later defendant renewed his motion stating additional grounds all related to the lack of jurisdiction. This motion likewise was denied and exception reserved. Defendant has never entered a general appearance nor has he ever abandoned his protest with reference to jurisdiction. He has never pleaded to

the merits nor has any hearing on the merits been had. The bill of exceptions informs us that the chief ground of the denial of defendant's motions was that the appearance and pleading through counsel, either specially or generally, to attack jurisdiction automatically gives the court jurisdiction of the person.

We must first consider whether the matter is prematurely before us. Ordinarily exceptions will not be entertained in the Law Court before a case in equity comes up for a final hearing. R. S., 1954, Chap. 107, Sec. 26; Whitehouse Equity Practice, Sec. 617, Page 647; *Stevens v. Shaw,* 77 Me. 566; *Bath v. Palmer,* 90 Me. 467. Where, however, it is deemed to be more in the interests of justice that the questions involved should now be determined, and the peculiar character of the questions here presented hardly permits of postponement if any benefit is to be derived from it by the moving party, exceptions may be entertained by the Law Court before final hearing. *Stevens v. Shaw, supra; Flint v. Comly,* 95 Me. 251; *Bean & Land Co. v. Power Co.,* 133 Me. 9. Both counsel vigorously urge that here is a case properly within the exception to the usual rule of practice, and we deem it so.

It is not contended here that the service which was made upon the defendant while resident in South Carolina conferred upon the Maine Court any jurisdiction over the person of the defendant such as was requisite to the granting of the injunctive relief sought. See *Pennoyer v. Neff,* 95 U. S. 714. The only issue is whether or not by subsequent action and conduct the defendant voluntarily submitted to the jurisdiction of the court. *Devine v. Tierney & Findlen,* 139 Me. 50.

It is true that in actions at law, the common law required that pleas to the jurisdiction which were in the nature of pleas in abatement had to be offered by the defendant in

person rather than by attorney. Even in actions at law, however, if the jurisdictional failure was evident upon the face of the record, advantage of the failure could properly be taken by motion to dismiss filed by an attorney under special appearance. *Louisville & N. R. Co.* v. *Industrial Board,* 282 Ill. 136, 118 N. E. 483; *Pratt* v. *Harris,* 295 Ill. 504, 129 N. E. 277. See *Smith* v. *Hunt,* 91 Me. 572; *Emmons* v. *Simpson,* 116 Me. 406; *Mansur* v. *Coffin,* 54 Me. 314; *Thomas* v. *Thomas,* 96 Me. 223; *Mace* v. *Woodward,* 38 Me. 426; *Bryant* v. *Bryant,* 149 Me. 276.

The approved practice in equity is for defendant's counsel to appear specially and file a motion in writing to dismiss for want of jurisdiction over the person. "In either case, a motion seems to be the only safe form of pleading to employ in making a special appearance, and where the facts showing the failure of jurisdiction do not appear on the record, they should be set out in the motion and verified by affidavit." Whitehouse Equity Practice (State and Federal), Vol. 1, Sec. 185, Page 354. In *Flint* v. *Comly, supra,* at page 255, our court said: "If these non-resident defendants had desired to object to the jurisdiction of the court, *they should have entered a special or conditional appearance. Such an appearance, made for the purpose of urging jurisdictional objections, is clearly recognized by all courts and works upon practice.*" (Emphasis supplied.) And at page 256, "The rule is, that when a defendant appears solely for the purpose of objecting to the jurisdiction of the court over his person, such motion is not a voluntary appearance of defendant which is equivalent to service." The practice was followed and approved in the equity case of *Devine* v. *Tierney, supra.* So here the defendant cannot be deemed to have voluntarily submitted to the jurisdiction of the Maine Court by appearing specially by counsel and pressing a motion to dismiss for lack of jurisdiction of the person.

The plaintiff contends that defendant unreasonably delayed filing his motion to dismiss and should be treated as having waived his right to file. He calls attention to the fact that such delay may be fatal in actions of law because of the application of Rule 5 of the Revised Rules of the Supreme Judicial and Superior Courts. *Snell* v. *Snell*, 40 Me. 307; *Mitchell* v. *Union Life Insurance Co.*, 45 Me. 104. We may observe in passing that even in actions at law however, there are exceptions to the application of the Rule in circumstances not unlike these. See *Mace* v. *Woodward, supra; Richardson* v. *Rich*, 66 Me. 249; *Dow* v. *March*, 80 Me. 408; *Central Maine Power Co.* v. *Railroad Co.*, 113 Me. 103. However, the plaintiff cites no case in which a similar limitation has been applied in equity practice and we are aware of none. The plaintiff here cannot attribute inactivity to the defendant alone. If he deemed, as he now contends, that the defendant had appeared and voluntarily submitted to the jurisdiction but had failed to answer, it was open to him to advance the cause by taking appropriate action under the provisions of the Statute (now R. S., 1954, Chap. 107, Sec. 15). The plaintiff did not and cannot now complain if a period of time transpired without action by either party.

We think the rights of the defendant crystallized and were preserved by exception as matters stood when the court below first refused to dismiss the action for want of jurisdiction. The subsequent conduct and participation by defendant's counsel displayed no intention to waive the jurisdictional defect, but on the contrary the lack of jurisdiction was vigorously and consistently asserted at every stage of the proceedings. It has been said that once the point is saved by exception, and at least in the absence of any subsequent manifest intention to waive the jurisdictional issue, even a later participation upon the merits will not deprive a party of the benefit of his position upon the jurisdictional issue. *Citizens' Savings and Trust Co.* v. *Illinois Central Railroad*, 205 U. S. 46; *Walling* v. *Beers*, 120

Mass. 548; *Harkness* v. *Hyde,* 98 U. S. 476; Whitehouse Equity Practice, Sec. 294, Page 335. As the last cited text writer stated in Section 276, page 322, "It must not be supposed, however, that service of such order of notice on defendant is in itself sufficient to give the court jurisdiction over such defendant if he fails to appear and submit himself to the jurisdiction. *If he is the sole defendant and fails to appear the suit cannot go on.* * * * * The notice is simply to enable him to appear if he so desires. It cannot drag him within the limits of the state or subject him to the jurisdiction of the court against his will." (Emphasis supplied.) We think the defendant was aggrieved by the action of the court below in denying the motions to dismiss.

The only question remaining is whether or not the bill should be dismissed only as to the defendant but retained for action upon the res. By a series of amendments the original plaintiff here has sought to convert this equitable action from one seeking *in personam* relief against the defendant to an action *in rem* seeking to remove an alleged cloud on title. In an appropriate case the court will sometimes dismiss the bill as to the defendant but retain it for hearing as an *in rem* proceeding. *DuPuy* v. *Standard Mineral Co.,* 88 Me. 202. But here the present status of the action hardly warrants retention of the bill. There is apparent a misjoinder of parties plaintiff. The executor fails to allege sufficient interest in the real estate to justify action on his part in seeking to remove an alleged cloud on title. "Under the general rule that an executor or administrator has no title to, or control over, realty of his decedent * * * * he ordinarily may not bring an action to quiet, or remove a cloud from, the title to decedent's real estate, at least before he obtains a license to sell * * *." 33 C. J. S. 1265, Sec. 255; see also *Phelps, Adm.* v. *Funkhouser et al.,* 39 Ill. 401; *Roffman* v. *Roffman,* 384 Ill. 315, 51 N. E. (2nd) 560; *Hooker* v. *Porter,* 271 Mass. 441, 171 N. E. 713; *Averill* v. *Cone,* 129

Me. 9; *Crocker* v. *Smith*, 32 Me. 244; *Votolato* v. *McCaull*, 96 A. (2nd) (R. I.) 329.

As has been noted, the amendments already made and those which might be further required to convert this action into one for the removal of an alleged cloud have the effect of changing completely the equitable cause of action. It seems doubtful if the justice below would have allowed the amendments, had he not considered that the defendant had already submitted to the jurisdiction. Whitehouse Equity Practice, Sec. 411, Page 440 states: "To strike out the entire substance and prayer of a bill and insert a new case by way of amendment, leaves the record unnecessarily encumbered with the original proceedings, increases expense and complicates the suit. It is far better to require the complainant to begin anew." Although the right of amendment is broad in equity and ordinarily rests within the discretion of the presiding justice, we deem this an appropriate situation in which to follow the suggestion that amendments which entirely change the cause of action in equity are not to be encouraged.

> *Exceptions sustained. Bill dismissed with costs to defendant but without prejudice to plaintiffs.*