## CLAPP *vs.* BALCH.

The want of an indorser to an original writ may be taken advantage of in abatement, either by plea or motion ; but it cannot avail the defendant after pleading in chief.

Under *Stat.* 1822, *ch.* 193, exceptions can be alleged only to the opinion of the Court in some matter of law, involving and deciding the *legal* rights of the parties ;—but not to any exercise of the *discretionary* power of the Court, as in the terms or times of granting amendments of what is legally amendable, continuances, &c.

IN this cause the general issue was pleaded and joined, after the plaintiff's attorney had informed the counsel for the defendant that the writ was duly indorsed. But on opening the cause,

to the jury before *Perham* J. it being discovered that this infor-
mation was erroneous, the defendant's counsel moved the Court
that the plaintiff be nonsuited for want of an indorsement on his
writ.     This motion the Judge overruled, and permitted the
counsel for the plaintiff to indorse the writ.    To which the defen-
dant took exceptions, pursuant to the statute.

*McGaw, Weston, and Daveis,* for the defendant, contended that
the plaintiff had no right to call on the defendant to answer, till
he exhibited a writ duly indorsed according to the statute.
Failing to do this, it was the duty of the Court to nonsuit him, on
motion made at any time during the first term.    This remedy
was not waived by pleading over ; especially where, as in this
case, it was occasioned by the mistake of the plaintff's own
attorney.    And the offer to indorse the writ, during the trial,
cannot avail without the consent of the defendant.     *Ely v. For-
ward* 7 *Mass.* 25.

*Deane,* for the plaintiff, contended that the right was waived by
pleading to the action ;—*Livermore v. Boswell* 4 *Mass.* 437.    And
he objected that the cause was improperly brought here by
exceptions ; the sum demanded in damages being large enough
to give the right of appeal.   The mistake into which the defen-
dant's counsel were led in the Court below was one to which *he*
was no party ; and it was no subject for the interference of this
Court, but only for adjustment among the counsel who participat-
ed in it.

MELLEN C. J. delivered the opinion of the Court, as follows.

The defendant moved the Court below to nonsuit the plaintiff,
because the writ was not indorsed by any person whatever ; but
the Court overruled the motion ; and we think very properly.
If a writ is not indorsed before service, it may be a good objec-
tion by way of plea in abatement, or on motion ; provided such
plea be filed or motion made in due season ; otherwise the objec-
tion is considered as waived.    By *Stat.* 1821, *ch.* 59, *sec.* 8, if
the person who indorsed the orignal writ is not of sufficient ability,
the Court on motion may order the plaintiff to procure a new

indorser ; and in failure thereof, a nonsuit shall be directed ; but that is not the present case, and of course this exception cannot be sustained. The order of Court granting leave to the plaintiff's attorney to indorse the writ at the time of trial is the ground of a second exception ; but as the first is overruled, this can be of no importance, because such an indorsement could by no possibility prejudice the rights of the defendant. Of course this exception must share the fate of the other. The defect in this case, arising from the want of an indorsement, as we have before intimated, should have been taken advantage of by plea in abatement or on motion; and we are disposed to consider it as a motion to abate the writ ; but in this view of the subject, we are of opinion the exception cannot prevail ; the motion was too late— the general issue had been joined, and the cause was partly opened to the jury. This was a waiver of all matters of abatement, and we are bound so to consider it. The declarations of the plaintiff's counsel that the writ was indorsed, cannot in a legal point of view vary the case. The defendant's counsel should have examined for himself. It is a principle of law that pleas and motions in abatement should be treated with strictness. We are therefore of opinion the decision of the Court was correct in overruling the defendant's objection ; and the cause must be permitted to proceed to trial. 4 Mass. 437, is a case in point.

We would avail ourselves of this opportunity to correct a mistaken opinion which we have had occasion to notice on the Circuit with respect to the right of the parties in a cause to file exceptions to the opinion of the Court of Common Pleas. The extent of the right seems not to have been perfectly understood. The provision contained in the fifth section of the act of 1822, ch. 193, is in these words; "That either party aggrieved by any " opinion, direction or judgment of said Court of Common Pleas, " in any action originally commenced in said Court, in any matter " of law, may allege exceptions to the same." It is manifest that the legislature did not intend that every opinion of the Court of Common Pleas should be subject to revision in this Court. The opinion, direction or judgment must be in some matter of law, involving and deciding the legal rights of one of the parties. Hence, if that Court should, contrary to law, admit or reject a

witness, or written proof, or give instructions to the jury, not warranted by legal principles,—or give an incorrect opinion, decisive of the cause, one way or the other ; or deprive either party of his rights, by ordering a nonsuit in those cases where such an order would be unauthorized; or enter a default and judgment against a defendant who claimed to be heard, and opposed such default ; in all these cases exceptions may be rightfully alleged ; because they are decisions in matters of law. But there are numerous questions which that Court, or a Judge of this Court, when sitting alone, has a right to decide finally ; questions not subject to the revision of this Court. Such are all questions submitted for decision to the direction of the Court. Of this character are motions for a continuance ;—for leave to amend, in cases where the proposed amendment may legally be made;—for leave to enter actions after the usual time,—to take depositions,—for postponement of causes, &c. In these cases no exception can be alleged against the order or decision. They are not questions of law, but of expedience, and they are not settled by any fixed legal principle, but according to the circumstances of each case and the sound discretion of the Judge. At the last term at *Castine,* we dismissed an action from our docket in which an exception had been alleged against the decision of the Court of Common Pleas, ordering the continuance of the cause. In the case before us we doubt whether the defendant's motion for a nonsuit was proper ;—whether the Court had a right to order one ; and whether the decision, overruling the motion, furnished legal ground for an exception ; but considering the motion in nature of a motion to abate the writ for want of an original indorser, it was one which the Court might and ought to decide ; and the decision of which, if against the plaintiff and unreversed, would be fatal to the action. On this ground we think the exception was lawfully alleged ; and on this ground we sustain the action ;—but for the reasons before mentioned, we overrule the exception, and the defendant must answer over to the merits of the cause.