## MARY J. HARVEY *versus* GEORGE CUTTS.

If a writ erroneously contain a direction to arrest the defendant, but is served by summons, it may be amended, even without terms, at the discretion of the presiding Judge.

EXCEPTIONS from the ruling, at *Nisi Prius*, of BARROWS, J.

ASSUMPSIT on account annexed. On the second day of the return term, the defendant filed a motion to dismiss the action, for reason appearing from inspection of the writ, *namely*, because the writ was wrongfully made to run against the body of the defendant.

The plaintiff moved for leave to amend his writ by striking out the direction to arrest the defendant and substitute a direction to summon the defendant. The presiding Judge allowed the amendment, without imposing any terms, and overruled the motion of the defendant to dismiss the action ; to which rulings the defendant excepted.

*A. G. Lebroke*, for the defendant.

The command in the writ, to arrest the defendant, was in direct contravention of § 1, c. 113 of the Revised Statutes. The amendment should not have been allowed; certainly not without terms.

Exceptions will lie if an amendment be allowed which the law does not authorize. *Newell* v. *Hussey*, 18 Maine, 249; *Hobbs* v. *Staples*, 19 Maine, 219.

An impression prevails that our statutes permitting amendments are much more liberal than formerly. But in relation to a case like the one at bar, they certainly are not so.

Sec. 16, chap. 59, of the laws of 1821, §§ 9 and 10, of c. 115, of the Revised Statutes of 1841, and § 10 of c. 82, of the Revised Statutes of 1857, are in effect the same, except as to the terms of amendment.

The verbal changes do not vary the sense or force to enlarge the liberality of amendments. So any decision which the Courts of this State have made, of however early date, will, if applicable to like cases then, now be authority in this case.

The statute of 1821 authorizing amendments, in cases of "circumstantial errors or mistakes," employs language quite as broad and comprehensive as that contained in any of the subsequent Acts.

In fact, the later statutes are more cautiously guarded by the insertion of the words "*which by law are amendable.*" *Roach* v. *Randall*, 45 Maine, 438; *Bailey* v. *Smith*, 12 Maine, 196; *Tibbets* v. *Shaw*, 19 Maine, 204.

Our present statutes provide for amendments in cases of *want of form only* and circumstantial errors or mistakes *which by law are amendable.*

So, in order to learn *what* amendments are proper, we are still to be guided by the lights which the law furnishes. By the rules of law there are very many defects, besides those already enumerated, which are not amendable. 1 Hayw., 401; *Troxler* v. *Gibson*, Ib., 465.

A change from one form of action to another is not allowable. *Littler* v. *Morgan*, 11 Foster, (N. H.,) 499; 1 Halst., 166; *Bell* v. *Austin*, 13 Pick., 91.

Under the statutes authorizing amendments of civil process and pleadings, the Court will not permit an action of

trover to be substituted for an action of trespass. *Wilcox v. Sherman*, 2 R. I., 540.

A very strong case to show that the rigor of the common law has not been abated by our statutes of amendment, beyond the literal expression thereof, is *Sawyer* v. *Goodwin*, 34 Maine, 419.

These cases all concur, that while certain amendments can be made, certain others cannot be. Hence it was considered by the Legislature, in enacting our statutes of amendments, that the safe and sure criterion to determine what amendments *should* and what *should not* be made at all was the *law* as then established, the Legislature simply providing, in cases like the one now before the Court, that processes should not be quashed or overturned in consequence of those defects which were *legally* amendable.

In *Matthews* v. *Blossom*, 15 Maine, 400, it is said a writ of summons may be changed to a writ of attachment, but SHEPLEY, J., in giving the opinion of the Court, plainly intimates that this amendment is allowable only for the reason that the part of the writ of attachment relating to the arrest of the body had been abolished ; and then the amendment, being a matter of substance, was allowed only on terms, which should have been required in the case now before the Court, had the amendment been allowed at all.

But no terms were imposed by the presiding Judge, which was error, as this was clearly a matter of substance. *Matthews* v. *Blossom*, 15 Maine, 400 ; *Carter* v. *Thompson*, Ib., 464 ; *Ordway* v. *Wilbur*, 16 Maine, 263.

Terms are *always* to be imposed when the amendment is in matter of substance. *State* v. *Folsom*, 26 Maine, 212.

But the amendment ordered in the present case is of a different character, and may be resisted on grounds not involved in the cases last cited.

In these the plaintiffs had an election to commence by a writ of summons or attachment.

As already stated, *this* writ was made in violation of a positive statute, and it is a statute upon a very important

subject, affecting at some time, it may be, the personal liberty of every individual in the State capable of making a contract.

Above all, it has been directly decided, by the Supreme Court of this State, that where a writ is made to run against the body of the defendant, when it is not warranted by law, it is abatable. *Cook* v. *Lothrop*, 18 Maine, 260.

*Hudson,* for the plaintiff.

The opinion of the Court was drawn up by

APPLETON, C. J.—The writ in this case contained an order to "take the body," &c., and was served by summons.

"The person and case can be rightly understood" notwithstanding the order to arrest. In *Matthews* v. *Blossom*, 15 Maine, 400, the Court allowed a writ of original summons to be changed to a writ of attachment. The amendment allowed in that case related to the form of the writ, as established by law, and was properly granted. It is not like the case of *Houghton* v. *Stowell*, 28 Maine, 215, where it was attempted to change the form of action; nor that of *Roach* v. *Randall*, 45 Maine, 438, where the Court refused to allow the name of one of the plaintiffs to be stricken out; nor that of *Tibbetts* v. *Smith*, 19 Maine, 204, where a wrong seal was affixed. The amendments in these and similar instances cited in the able argument of the defendant's counsel, were deemed matters of substance.

The terms upon which an amendment is to be allowed are at the discretion of the presiding Judge. It must be presumed that such discretion was rightly exercised. Nothing indicates the contrary. *Exceptions overruled.*

CUTTING, DAVIS, KENT and WALTON, JJ., concurred.