### CHARLES J. BISHOP *vs.* WILLIAM SMALL, Junior.

*Deceit—for what misrepresentations it will not lie.*

An action of deceit will not lie upon false representations either as to what a patent right cost the vendor; or was sold for by him; or as to offers made for it; or profits that could be derived from it; or for any mere expressions of opinion of any kind about the property sold.

ON EXCEPTIONS.

CASE for deceit on the sale of the right to make and vend a patented crank churn for the States of Kentucky and West Virginia, for which plaintiff and one Eaton paid the defendant $7000, being induced to do so by certain false and fraudulent representations made to them by Small, which are sufficiently stated in the opinion. The plaintiff offered to prove that he bought this right relying upon these statements, that other similar ones were made by the defendant, and that they were false; that he spent six weeks in Kentucky, in a vain effort to introduce the churn into use; that the churn and alleged invention were of no value, and that these representations were made by the defendant with intent to defraud and deceive the plaintiff; but the judge ruled that there

were not sufficient allegations in the writ, if all proved, to sustain the action, and ordered a nonsuit. The plaintiff excepted.

*M. T. Ludden*, for the plaintiff.

*Frye, Cotton & White*, for the defendant.

PETERS, J. The plaintiff seeks to recover damages for a deceit in the sale of a patent right. The representations of the defendant, relied upon, were substantially these :—that the patent right was a "good thing;" "of great utility and benefit, and popular;" that "it was in great demand, and that the defendant had been offered $40,000 for it, for the territory of Pennsylvania;" that he had "sold one quarter of the right for the territory of Pennsylvania, for $4000;" that "it had been rapidly sold, and he had sold interests in it as fast as he could travel on the road;" that "he had himself bought additional interests in it at great prices, and that he and others had made large sums of money in making sales of it;" that "the plaintiff could sell it upon the territory for which he was to have it, and, if he did not succeed, that he would go and sell it for him, and would assure him that he would make a large amount from the transaction." The plaintiff avers that the right was of no value ; in no demand ; and that it could not be sold, and that the defendant knew it to be so. He does not contend that the article has no efficiency as a churn ; but contends that it has no superior advantages in those respects for which it was patented.

We are of the opinion that these representations are not actionable. When analyzed, they seem to consist of the opinion of the defendant as to the value of the property sold ; or relate to the price that was given for it; or which had been offered for it ; or prices at which it had been sold ; or to the future profits that could be made out of it. All the representations complained of were merely loose, exaggerated, vague and indefinite recommendations which a vendor is likely to make of property of this description, which he is desirous to sell, and so plainly so, that a person in the use of ordinary care should not be deceived by them. *Caveat*

*emptor* applies. It is not so much that such representations are not enough to amount to fraud and imposition, but that they are, so to speak, too much for that purpose. Most of them are too preposterous to believe. None of them are representations of facts, affecting the quality of the article sold, known to the vendor, but unknown to the vendee, and such as a vendee using common care would be deceived by. They are only "dealer's talk." This is the well settled doctrine in this State and Massachusetts. *Long* v. *Woodman*, 58 Maine, 49; *Holbrook* v. *Conner*, 60 Maine, 578. And see the Massachusetts decisions cited and approved in these cases. So far as a contrary doctrine is held in the case of *Ives* v. *Carter*, 24 Conn., 403, it is not in accord with the cases cited. The late case of *Somers* v. *Richards*, 46 Vermont, 170, sustains the plaintiff's propositions in the case at bar, but it is clearly at variance with our own decisions. We think the rule adopted by us is the more reasonable and logical one. Any other must be uncertain and indefinite. The case of *Nowland* v. *Cain*, 3 Allen, 261, cited by the plaintiff, does not militate against the principle of the cases relied upon in support of our conclusion in this case, where the defendant falsely represented the qualities of a horse, when the plaintiff had no opportunity to ascertain the falsehood by any examination. That was not an expression of opinion, but of fact.

The statement of the defendant in this case, not alleged in the writ, but testified to, that he had "churned butter from the buttermilk that had been left by another churn," if it amounts to an actionable representation, or has any important bearing upon the rights of the parties, cannot be considered here. The declaration sets out specifically the fraudulent representations relied on, and this is not one of them.       *Exceptions overruled.*

WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.