JOHN F. CAMERON *vs.* DANIEL TYLER.

Waldo.    Opinion February 13, 1880.

*Interlocutory Orders.    Exceptions.    Amendment.    Capias.*

Exceptions to mere interlocutory orders, like the overruling of a defendant's motion to dismiss, and the allowance of an amendment to the plaintiff's writ, while they must be filed at the term when the proceedings complained of are had, should remain in the court where the action is pending, until it is ready for final disposition, and be brought to the law court, if at all, with such exceptions as may arise at the trial, or when the case is in such a position that an adjudication upon them is necessary for a final determination of the rights of the parties. Otherwise they are liable to be regarded as prematurely presented and to be dismissed.

A capias writ may be amended, changing its form to capias or ˮattachment, in the discretion of the presiding judge, with or without terms, and exceptions do not lie to the exercise of such discretion.

ON EXCEPTIONS.

TRESPASS.    The writ was dated October 1, 1878.    The command in the writ was to arrest the defendant, and it was not framed to attach the goods and estate of the defendant, and for want thereof to take the body, &c.    The defendant filed a motion to dismiss the action because of the defect in the writ.    The presiding judge allowed the plaintiff to amend his writ, changing it from a capias to a capias or attachment, and overruled the motion to dismiss.

No arguments were presented to the law court.

*N. A. Turner*, for the plaintiff.

*Wm. H. Fogler*, for the defendant.

BARROWS, J.   The defendant takes exceptions to the overruling of his motion to dismiss, and to the allowance of an amendment of the plaintiff's writ, and, without any further proceedings to put the case in condition for final disposition, brings his exceptions to the law court, asking us to pass upon questions which may never be even in his own estimation of any importance to him.

Exceptions to interlocutory orders and rulings, while they must be filed at the term when the proceedings complained of are had, should remain in the court where the action is pending, until it is ready for final disposition, and come here, if at all, at the same time with other exceptions raised at the trial, if any, or when the case is in such a position that an adjudication upon them is necessary for a final determination of the rights of the parties.   Otherwise they are liable to be regarded as prematurely presented, and to be dismissed.   *Daggett* v. *Chase*, 29 Maine, 356 ; *Witherel* v. *Randall*, 30 Maine, 168 ; *Abbott* v. *Knowlton*, 31 Maine, 77.

The case shows that the action was one in which an arrest was allowable under R. S., c. 113, § 1 ; and there was no foundation for the motion to dismiss except the alleged want of form in the writ.

If an amendment be regarded as needful, so as to put the writ in the form spoken of in R. S., c. 81, § 2, it was amendable under c. 82, § 9, in the discretion of the presiding judge ; and with or without terms.   *Bolster* v. *China*, 67 Maine, 551.   To this exercise of the judge's discretionary power, exceptions do not lie.   *Clapp* v. *Balch*, 3 Maine, 219 ; *Cummings* v. *Buckfield*, *B. R. R.* 35 Maine, 478 ; *Achorn* v. *Matthews*, 38 Maine, 173.

*Exceptions overruled.*

APPLETON, C. J., DANFORTH, PETERS and SYMONDS, JJ., concurred.