EBEN N. PERRY, and another,

*vs.*

PATRICK PLUNKETT, and another.

Cumberland.     Opinion February 2, 1883.

*Poor debtors.     Citation.     Certificate of justices.     Amendment.     Stat. 1878,*
*c. 59.     R. S., c. 113, § 40.*

When the citation to the creditor given by a poor debtor, who has given bond
on arrest conditioned as by law required, incorrectly states the amount of
the judgment, and the error is not amended before the magistrates under the
provisions of stat. 1878, c. 59, it is too late to move for an amendment in a
suit on the bond which has been presented to the law court upon an agreed
statement of facts.

The certificate of two justices of the peace and quorum, of the administration
of the poor debtor's oath to one who has given bond on arrest conditioned
as by law required, will not support a plea of performance of the condition
of the bond in a suit thereon, if it incorrectly states the amount of the judg-
ment and date of its rendition.

ON REPORT on agreed statement of facts from superior court.

Debt on poor debtor's bond.     The writ was dated December
9, 1881, and returnable to the municipal court of Portland, and
taken to the superior court on appeal by the plaintiffs.     The
plea was general issue with brief statement alleging perform-
ance.

The opinion states the material facts.

*Drummond and Drummond,* for the plaintiffs.

*Bion Bradbury,* for the defendants.

Perhaps upon the authority of the cases cited by the learned
counsel for the plaintiffs this citation would not have given the
justices jurisdiction prior to stat. 1878, c. 59.     All the cases
cited were determined prior to that year.     This statute was
designed to prevent a creditor from taking advantage of a poor
debtor, who had honestly taken the oath, in consequence of
circumstantial errors and mistakes.     The act should be so

construed as to effectuate its object. "No citation shall be deemed incorrect for want of form only or for circumstantial errors or mistakes, when the person and case can be rightly understood — such errors and defects may be amended on motion of either party."

Here the person and case could be and was rightly understood and no amendment was necessary. The errors in the certificate of the justices are immaterial so far as this suit is concerned. The object of the certificate is merely to free the debtor from arrest and is not essential to a successful defence on the bond. *Kendrick* v. *Gregory*, 9 Maine, 22 ; *Kimball* v. *Irish*, 26 Maine, 444 ; R. S., c. 148, §§ 31, 32 ; c. 113, §§ 33, 34. And this certificate is amendable. *Burnham* v. *Howe*, 23 Maine, 489 ; *Ayer* v. *Woodman*, 24 Maine, 196.

BARROWS, J. A plea of performance of the first condition of a bond given by a debtor upon his arrest on an execution issued on a judgment recovered on the twenty-fifth day of September, A. D. 1876, for eighteen dollars and ninety-five cents debt or damage, and three dollars and one cent costs of suit, upon which judgment there remained to be collected the sum of thirteen dollars and ten cents, with ninety cents more, for six writs of execution, is not maintained by a justice's certificate of the taking of the oath by the debtor, on a judgment recovered on the twenty-fifth day of December, 1876, for the sum of thirteen dollars and ten cents debt, and three dollars and one cent costs. Neither the date nor the amount of the judgment is correctly stated in the certificate as required by R. S., c. 113, § 33. This is necessary in order to show that the execution is the same upon which the oath was taken. *Hathaway* v. *Stone*, 33 Maine, 500. Jurisdiction of these cases of disclosure by debtors who have given bond on arrest is conferred by R. S., c. 113, § 28, upon two disinterested justices of the peace and quorum, selected as provided in § 42 of the same chapter, and they are empowered " to examine the citation and return" provided for in § 27, "*and if found correct,*" to examine the debtor on oath, and in proper cases upon regular proceedings prescribed, to administer the poor debtor's oath and grant a certificate in the form given

in § 33, which would at once, of itself, on being filed with the proper officer, relieve the debtor from all further liability to arrest for the debt, and serve as proof of the fulfillment of one of the conditions of his bond. But this is no mere idle form, to be carelessly gone through with, regardless of the requirements of law respecting it. The proceeding has a definite object, and that is the determination by a tribunal to be mutually selected by debtor and creditor (or otherwise as provided by law) of the true state of the debtor's affairs, his ability to pay the debt, and the propriety of administering the oath to him as a poor debtor honestly disposed but unable to pay his debt.

Obviously the notice to the creditor lies at the foundation of the proceedings. It must be substantially according to the requirement of the statutes, before the justices proceed to take the disclosure, and in order that they may have jurisdiction so to do. They are to "examine the citation and return, and if found correct," proceed—not otherwise. Hence, where there has been a failure to give a substantially correct notice to the creditor according to the requirements of the statute, or to have the justices selected as the statute provides, it has been well held that the justices had no jurisdiction of the case, and that the damages for the breach of the bond must be assessed according to c. 113, § 40, because the provisions of § 52 apply only to cases where "the principal had legally notified the creditor" and taken the oath before two justices of the peace and quorum "having jurisdiction and legally competent to act in the matter. *Hackett* v. *Lane*, 61 Maine, 31; *Poor* v. *Knight*, 66 Maine, 482. Since these decisions, the legislature, by c. 59, laws of 1878, have amended § 28 of c. 113, by adding thereto as follows: "No citation shall be deemed incorrect for want of form only, or for circumstantial errors or mistakes, where the person and case can be rightly understood. Such errors and defects may be amended on motion of either party." Obviously, this provision, as well as the section to which it is appended, relates to the proceedings before the magistrates. They are not absolved from the duty of examining the citation and return, and finding them correct before they proceed to examine the debtor, administer the oath,

and grant the certificate. They are, by virtue of this provision, authorized, in cases where the person and case can be rightly understood, to allow amendments in matters of form, or of circumstantial errors or defects, and thus make the proceedings correct. But the statute was not designed to give immunity to such a want of care as would permit the proceedings to go through without the requisite amendments, and then have the same effect as if the requirements of the statute had been complied with. The design of it was to prevent the attempted performance by the principal of this condition in his bond from failing, whenever there was so far a compliance with statute requirements that the person and case could be rightly understood, provided the applicant for the oath and discharge bestowed sufficient care upon the proceedings to make them correct, by amendments within the purview of the act. If it be conceded that the error in the present proceeding was of that circumstantial sort which would not prevent the person and case from being rightly understood, still no motion to correct it was made before the magistrates, so that it might ultimately appear by the record that they had jurisdiction. The suit on the bond comes before us without anything to distinguish it from the case of *Poor* v. *Knight, supra.* Defendants' counsel moves here in the law court, for leave to amend the certificate by substituting for the one presented, one which shall conform to the requirements of the statute. The amendment proposed is not within the scope of the authorities cited in support of it. The new certificate would present the case, not according to the facts of the proceeding before the magistrates, but would exhibit it as it ought to have been amended before they went on to examine the debtor and administer the oath.

That an amendment by law allowable may be allowed by a court having jurisdiction of the parties and the subject matter, where the effect of it is to give to that court a jurisdiction of the case which it would not otherwise have was well held in *Merrill* v. *Curtis*, 57 Maine, 152. If the proposed amendment related only to the error as to the date of the judgment, into which the magistrates fell in their certificate, it might well have been

allowed in the superior court before the case was made up for the consideration of the law court. But the proposition goes further than that, and covers an amendment of the citation in an essential particular, an amendment which should have been made, if at all, before the magistrates took any further cognizance of the case. In any event it comes too late here. Even if this court could be held to have a discretionary power to allow it, such power could not properly be exercised in a case deliberately presented upon an agreed statement of facts in a matter of no greater pecuniary importance than this. The plaintiffs should have judgment in accordance with the provisions of c. 113, § 40.

*Judgment for plaintiffs.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.