OLIVER COPELAND vs. JAMES H. H. HEWETT, and others.

Knox.    Opinion January 12, 1900.

*Pleading.   Plea in Abatement.   Demurrer.   R. S., c. 77, §§ 52, 76; c, 82, § 23.*

Exceptions to the sustaining of a demurrer to a plea in abatement cannot be brought to the law court until a disposal of the action upon the merits.

It is otherwise with exceptions to rulings on demurrers to declarations or pleas in bar.

*Semble;* that a plea in abatement for the non-joinder of co-defendants should aver the residence of the supposed co-defendants.

ON EXCEPTIONS BY DEFENDANTS.

Action of assumpsit, on a contract for repairs on the Methodist Episcopal church in Thomaston.   Within the time provided by law, the defendants filed a plea in abatement alleging non-joinder of other defendants.   To this plea the defendants filed a general demurrer, which was duly joined.   Upon hearing, the demurrer was sustained, and defendants took exceptions.   The plea, demurrer, and joinder were made part of the case.   In case the demurrer was sustained the defendants were to have the right to plead over.

(Plea in abatement.)   And now the said defendants come and defend, etc., when etc. and pray judgment of the writ and declaration aforesaid because they say that the several supposed promises in said writ declared upon, if any such were made, were made jointly with R. B. Copeland, Levi Seavey, W. J. Swift, L. C. Lermond, J. S. Young and Sylvanus Hyler, and as a committee lawfully appointed by the trustees of the Methodist Episcopal church of Thomaston, in said county of Knox, who are still living and residing at Thomaston in said county, except W. J. Swift, who resides in Warren in said county, and not by the said defendants alone, and this they are ready to verify.   Wherefore because said trustees are not named in said writ and declaration together with the said defendants, they, the said defendants, pray judgment of the said writ and that the same may be quashed and for costs.

*C. E. and A. S. Littlefield,* for plaintiff.

Counsel argued, besides other points, that the plea in abatement is defective because it does not allege that the defendants, as to whom complaint of non-joinder is made, were living within the jurisdiction of the court at the date of the writ. The only allegation in this plea upon that point is, " who are still living and residing at Thomaston in said county, except W. J. Swift, who resides in Warren in said county." There is no allegation that they were living and residing in Thomaston at the date of the writ.

All the precedents except the one found in the Maine Civil Officer, require this. Stephen on Pleading, p. 48; Chitty, p. 270; Story, p, 87; *Furbish* v. *Robertson,* 67 Maine, 35; *Goodhue* v. *Luce* 82 Maine, 222.

It is almost impossible to tell to what or whom the relative pronoun " who," as used in the plea refers. No one can tell by reading the plea whether it applies to Copeland, Levi Seavey, W. J. Swift, L. C. Lermond, J. S. Young, Sylvanus Hyler, or to somebody alleged to be a committee appointed by certain trustees.

*D. N. Mortland and M. A. Johnson,* for defendants.

The plea in abatement need not allege that said Copeland, and others named in the plea, were living within the jurisdiction of the court at the date of the writ, etc. No court has ever held that it was, provided the plea contains all other necessary averments. In *Furbish* v. *Robertson,* 67 Maine, 35, there was no averment that Plummer was alive or that he resided at any time within the jurisdiction of the court. The court said nothing, in that case, about the date of the writ.

If only the defendants named in the writ are to be held to answer alone on the promise alleged in the writ to have been made by them, and not the trustees for whom they acted, and cannot at the trial on the merits show that they were merely agents, it will be so by reason of a mere technicality invoked by the plaintiff " foreign to and regardless of the real merits of the case," and not by the defendants. The object of a plea in abatement is to early inform the plaintiffs of mistakes or errors of fact alleged, and give him " a better writ." *Brown* v. *Gordon,* 1 Maine, 165.

"The object sought by a dilatory plea," was not "the defeat of the particular action upon some technical ground foreign to, and regardless of the real merits of the case" as stated by the court in *Furbish* v. *Robertson*, supra, but was in this case filed for the very purpose of presenting at the trial the real issue on its merits, and for no other purpose. *McGreary* v. *Chandler*, 58 Maine, 537; *White* v. *Cushing*, 30 Maine, 267.

If the plea does not state specifically that these joint promisors named, were all alive and residents of the county on the date of writ, it does state that they were all alive and residents of the county when the plea was filed, and if they all were alive when the plea was filed, it is probable to say the least, that they were not dead a few days before that time. Averment not necessary. 3 Chitty, p. 900; Maine Civil Officer, 6th Ed. p. 242; *Goodhue* v. *Luce*, 82 Maine, p. 223; Stephen on Pleading, 87; 3 Story, 99.

The demurrer was filed, not because the plea did not give the necessary information to enable the plaintiff to amend or make a better writ, but for the purpose, by this technical objection, of preventing the defendants from showing at the trial of the cause, that the real defendants were not sued.

SITTING: PETERS, C. J., EMERY, HASKELL, WISWELL, STROUT, JJ.

HASKELL, J. The defendants pleaded in abatement the non-joinder of co-defendants. The plaintiff demurred, and to the sustaining of the demurrer the defendants had exception, and, before availing themselves of their right to plead over to the merits, have brought their exception here with the agreement that if their exception be overruled they may plead anew below.

The exception is prematurely brought up. R. S., c. 77, § 52. It is to an interlocutory order, and must await the final determination of the suit. *Smith* v. *Hunt*, 91 Maine, 572; *State* v. *Brown*, 75 Maine, 456; *Cameron* v. *Tyler*, 71 Maine, 27; *Abbott* v. *Knowlton*, 31 Maine, 77; *Daggett* v. *Chase*, 29 Maine, 356.

Pleas in abatement are collateral to the merits of the case, and

the sustaining of a demurrer to them never ends the case, but rather orders a plea to the merits. If, however, the demurrer be overruled and the plea sustained the action abates and exceptions may be brought up, for the case is ended.

On demurrers to declarations and pleadings to the merits, the decision is a final disposition of the suit, unless amendments or repleaders be allowed by the court or by provisions of statute, in the furtherance of justice; and therefore such demurrers stay the cause, and exceptions may be entered here at once. If such exceptions be adjudged frivolous and intended for delay, no repleader will be allowed, but final judgment will be ordered. R. S., c. 82, § 23.

In the superior courts the rule is otherwise by reason of R. S., c. 77, § 76.

*Semble*, that the plea in abatement is fatally defective, because it fails to aver the residence of the supposed co-defendants to be in the state when the action was brought. *Furbish* v. *Robertson*, 67 Maine, 35; *Biddeford Savings Bank* v. *Mosher*, 79 Maine, 242; *Bellamy* v. *Oliver*, 65 Maine, 108.

*Exceptions dismissed.*