ORMAND N. GRAY *vs.* EDITH M. CHASE, Executrix.

Hancock. Opinion November 1, 1916.

*Action against administrator or executor. Necessary allegations and proof*
*as to presenting claim to administrator or executor.*

Exceptions to refusal, as matter of law, to allow an amendment to declaration after sustaining demurrer.

The amendment avers that within eighteen months after the executrix had filed in the Probate Court her affidavit that notice had been given by her of her appointment as executrix, the plaintiff presented to her the claim declared upon; but neither in the original declaration, nor in this amendment, is there any averment that the claim was presented to the executrix in writing. Such averment is necessary.

It follows that the amendment would be demurrable and hence not allowable.

Action of assumpsit against the defendant, as executrix of the estate of Edward E. Chase. Defendant filed demurrer to writ, which was joined by plaintiff. Demurrer sustained by Justice presiding. Thereupon plaintiff filed motion to amend writ and declaration, which motion was denied by the court, to which ruling plaintiff filed exceptions. Exceptions overruled.

Case stated in opinion.

*Coggan & Coggan,* for plaintiff.

*C. J. Dunn,* and *F. B. Snow,* for defendant.

SITTING: SAVAGE, C. J., KING, BIRD, HALEY, PHILBROOK, JJ.

PHILBROOK, J. To the plaintiff's declaration the defendant filed a general demurrer which was sustained and the declaration adjudged bad. The plaintiff then filed a motion to amend the writ and declaration. This motion was denied and the amendment disallowed as a matter of law. The case is before us upon plaintiff's exceptions to these rulings.

The amendment avers that within eighteen months after the executrix had filed in the probate court her affidavit that notice had

been given by her of her appointment as executrix, the plaintiff presented to her the claim declared upon; but neither in the original declaration, nor in this amendment, is there any averment that the claim was presented to the executrix in writing. Such averment is necessary. *Stevens* v. *Haskell, et als., 72* Maine, 244.

It follows that the amendment would be demurrable and hence not allowable. *Garmong* v. *Henderson,* 112 Maine, 383.

*Exceptions overruled.*