CLARENCE I. GILBERT *vs*. HORACE S. DODGE.

BERTHA ADAMS BECKLER *vs*. HORACE S. DODGE.

Androscoggin.      Opinion November 14, 1931.

418

*Frank A. Morey*, for plaintiffs.
*Clifford E. McLaughlin*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

DUNN, J.    These two actions, by different plaintiffs, are against the same defendant. Each original declaration consisted of a single count. Allegation was, in substance, that executory promises, made by the defendant to induce the purchase by the plaintiff of shares of the capital stock of a fertilizer company, had been broken, loss resulting. The statements, even if untrue, would not afford basis for tort for deceit.

General demurrers were sustained.

The respective plaintiffs amended, by leave of court, by adding a new count. The amendments were allowed, against objection by the defendant, who saved the law question.

The amendments, being themselves demurrable, did not avail the plaintiffs. *Garmong* v. *Henderson*, 112 Me., 383; *Gray* v. *Chase*, 115 Me., 350.

After reciting promises, not fraudulent in the legal sense, each new count alleges that a representation made by the defendant in offering the stock for sale, the representation going to the extent of the defendant's own pecuniary resources, and, being of relationship to his ability to buy back the stock, if plaintiff on becoming the purchaser thereof should ever want to sell the same, was false.

The declaration in an action of this nature requires formal averment of the elements of representation, falsity, scienter, deception, injury.

Material representations of past or existing facts must have been false, known by the defendant to be false when he made them, have been positively made as within his own knowledge, or in reckless carelessness as to whether they were true or false; the plain-

tiff must have relied and acted on the representations, as intendment or natural inducement was that he should, deception must have been successful, and plaintiff misled to his damage thereby. *Hammatt* v. *Emerson*, 27 Me., 308, 326; *Pratt* v. *Philbrook*, 33 Me., 17, 22; *Long* v. *Woodman*, 58 Me., 49, 52; *Braley* v. *Powers*, 92 Me., 203; *Atlas Shoe Company* v. *Bechard*, 102 Me., 197; *Eastern Trust & Banking Company* v. *Cunningham*, 103 Me., 455; *Hotchkiss* v. *Coal & Iron Company*, 108 Me., 34, 41; *Mullen* v. *Banking Company*, 108 Me., 498, 503; *Crossman* v. *Bacon & Robinson Company*, 119 Me., 105; *Prince* v. *Brackett, etc., Company*, 125 Me., 31.

Allowance of the demurrable amendments constituted reversible error. *Garmong* v. *Henderson*, supra.

Defendant demurred to each amendment. The demurrers were overruled and exceptions taken. Defendant then pleaded not guilty; the pleas were joined; the cases were tried jointly. The jury returned verdicts for the plaintiffs.

When a demurrer is filed, joined and ruled upon, and exceptions noted and allowed, the case is to stand continued pending decision by the appellate court of the exceptions. R. S., Chap. 96, Sec. 38; *Tripp* v. *Motor Corporation*, 122 Me., 59. The defendant, by pleading and proceeding to trial upon the merits of the cases, before having the validity of his exceptions to the overruling of his demurrers to the amendments determined, waived such exceptions. *Tripp* v. *Motor Corporation*, supra.

But the original exceptions — those to the allowance of the amendments — were not waived. The questions they raised properly remained in the trial court until final action in the cases there. R. S., Chap. 91, Sec. 28; *Cameron* v. *Tyler*, 71 Me., 27; *State* v. *Brown*, 75 Me., 456; *Copeland* v. *Hewett*, 93 Me., 554.

These exceptions being sustained, the writs are left with legally insufficient declarations. Exceptions saved at the trial are therefore not of importance, nor are the general motions filed by the defendant to set aside the jury verdicts.

In each case, the mandate will be,

> *Exception to the allowance*
> *of amendment sustained.*