CHARLES HASHEY

*vs.*

BANGOR ROOFING & SHEET METAL CO.

JOHN G. HASHEY
BY CHARLES HASHEY HIS FATHER AND NEXT FRIEND

*vs.*

SAME.

Penobscot.   Opinion, January 27, 1947.

PER CURIAM.

These two cases, involving a single alleged act of negligence of the defendant, present identical docket records and bills of exceptions and are intended to raise the same issue. They are brought to this court by the defendant on exceptions alleging error in the allowance of amendments to declarations adjudged bad on demurrer. Written objections to allowance of the amendments, and to the motions presenting them, allege among other things that the amendments are "demurrable" and that if allowed the amended declarations "will still be demurrable." These allegations are not determinable (in the Law Court) at the present stage of the proceedings (see cases cited infra), although controlling of the propriety of the allowance of the amendments. *Garmong* v. *Henderson,* 112 Me., 383, 92 A., 322; *Gray* v. *Chase,* 115 Me., 350, 98 A., 940. The issue might have been raised for immediate consideration by the filing of demurrers to the amended declarations. *Bean* v. *Ayers et al.,* 67 Me., 482.

The docket entries and the bills of exceptions record that defendant's demurrers were sustained; that plaintiffs were given leave to amend; that amended declarations and written objections thereto, and to the motions presenting them, were filed and overruled; that the amendments were allowed and exceptions taken and certified. The justice who presided at the term of the Superior Court during the proceedings resigned prior to the filing of the extended bills of exceptions, which were allowed by another justice pursuant to R. S. 1944, Chap. 95, Sec. 51.

The exceptions must be dismissed as prematurely brought forward. The mandate of the statute is clear that allegations of error as to the disposal of pleadings of a dilatory nature are not determinable in this court until after the close of the trials to which they relate. R. S. 1944, Chap. 94, Sec. 19; *Day* v. *Chandler et al.*, 65 Me., 366; *Cameron* v. *Tyler*, 71 Me., 27; *Smith* v. *Hunt*, 91 Me., 572, 40 A., 698; *Copeland* v. *Hewett et al.*, 93 Me., 554, 45 A., 824; *Gilbert* v. *Dodge*, 130 Me., 417, 156 A., 891; *Augusta Trust Co.* v. *Glidden et al.*, 133 Me., 241, 175 A., 912. It has been indicated heretofore that the test determining whether a ruling on a pleading may be brought to this court immediately or should await the close of the trial, i. e. whether the pleading is dilatory in nature, hinges on the issue whether it is "adverse to the proceeding." *Hurley* v. *Inhabitants of South Thomaston*, 101 Me., 538, 64 A., 1050; *Augusta Trust Co.* v. *Glidden et al*, (133 Me., 241, 175 A., 912).

*Exceptions dismissed from the law docket.*

*John H. Needham*, for plaintiff.
*James M. Gillin*, for defendant.