EVERETT W. BARTLETT

*vs.*

RICHARD A. CHISHOLM ET AL.

Cumberland.   Opinion, January 31, 1952.

PER CURIAM.

This case comes before us for the second time, this time on exceptions by the defendant to the allowance of a motion to amend the writ and declaration filed by the plaintiff after the decision of this court in the same entitled action reported in 146 Me. 206; 79 A. (2nd) 167. In the original writ and declaration, plaintiff failed to allege that he was a duly licensed and qualified real estate broker under the laws of Maine and this court held that under and by virtue of R. S., Chap. 75, Sec. 7, relating to the Maine Real Estate Commission, the plaintiff cannot recover in an action seeking payment of a real estate commission in the absence of an allegation that he was a duly licensed real estate broker

at the time the alleged cause of action arose; and that said allegation required by statute must appear of record to perfect jurisdiction.

Upon the filing of plaintiff's motion to amend the defendants' raised two objections, claiming that the court had no jurisdiction to allow the amendment and that if it did it was an abuse of discretion not to impose terms. The court allowed plaintiff to amend and imposed no terms and defendants' exceptions were filed and allowed and without further hearing or proceedings on the merits the exceptions were certified and have been brought forward to this court.

The exceptions must be dismissed as prematurely brought forward but inasmuch as they raise questions, the answers to which may be helpful if further appellate proceedings are contemplated by either party, we will, under the circumstances, consider them.

We said in *Mansfield* v. *Goodhue,* 142 Me. 380 (1947), 53 A. (2nd) 264, in speaking of an amendment seemingly necessary for failure of the plaintiff to allege that he was a duly licensed broker at the time the cause of action arose:

> "Yet if a court has jurisdiction of the subject matter, it may in such a case as this allow an amendment to perfect the jurisdiction on the record. *Merrill* v. *Curtis,* 57 Me. 152. See *Perry* v. *Plunkett,* 74 Me. 328, 331, 1 Enc. Pl. & Pr. 511; 49 C. J. 505; 41 Am. Jur. 498."

So far as the exception of the defendants relates to abuse of discretion, we see no merit in it.

The matter of expediency of amendment, in fact the whole matter of the imposition of terms or no terms, is in the discretion of the court and the real test is, does the proposed amendment further justice. To this exercise of the court's discretionary power exceptions do not lie. See *Clapp* v. *Balch,* 3 Me. 219; *Harvey* v. *Cutts,* 51 Me. 604;

*Cameron* v. *Tyler,* 71 Me. 27; *Flint* v. *Comly,* 95 Me. 251, 49 A. 1044. We said in *Bolster* v. *China,* 67 Me. 551, 553:

> "There is no limit upon the judge's discretion as to terms. - - - - - The object of the rule is simply to call the judge's attention to the question, what, if any, terms shall be imposed, as liable to be affected by the character of the proposed amendment, and the progress the case has made. The exercise of his discretion will not be examined, on exceptions, by this Court. - - - - - -"

See also *Hayford* v. *Everett,* 68 Me. 505, 508.

We said in *Hashey* v. *Bangor Roofing & Sheet Metal Co.,* 142 Me. 405, 406, 50 A. (2nd) 916, which was an action involving amendments to the declaration which were allowed over the objections of the defendant and exceptions taken and certified:

> "The exceptions must be dismissed as prematurely brought forward. The mandate of the statute is clear that allegations of error as to the disposal of pleadings of a dilatory nature are not determinable in this court until after the close of the trials to which they relate. R. S. 1944, Chap. 94, Sec. 19; *Day* v. *Chandler et al.,* 65 Me., 366; *Cameron* v. *Tyler,* 71 Me., 27; *Smith* v. *Hunt,* 91 Me., 572, 40 A., 698; *Copeland* v. *Hewett et al.,* 93 Me., 554, 45 A., 824; *Gilbert* v. *Dodge,* 130 Me., 417, 156 A., 891; *Augusta Trust Co.* v. *Glidden et al.,* 133 Me., 241, 175 A., 912. It has been indicated heretofore that the test determining whether a ruling on a pleading may be brought to this court immediately or should await the close of the trial, i. e. whether the pleading is dilatory in nature, hinges on the issue whether it is 'adverse to the proceeding.' *Hurley* v. *Inhabitants of South Thomaston,* 101 Me., 538, 64 A., 1050; *Augusta Trust Co.* v. *Glidden et al,* (133 Me., 241, 175 A., 912)."

The mandate will be

*Exceptions dismissed*
*from the law docket*

*James A. Connellan,* for plaintiff.

*Berman, Berman & Wernick,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.